UNITED STATES, Appellee

v

GEORGE BUTLER, Private E–1, U. S. Army, Appellant

9 USCMA 618, 26 CMR 398

No. 11,215

Decided September 19, 1958

First Lieutenant Thomas F. Shea argued the cause for Appellant, Accused. With him on the brief was Captain John F. Christensen.

First Lieutenant Jon R. Waltz argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel John G. Lee and Major Thomas J. Nichols.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused entered a plea of guilty to a charge of desertion, alleging an absence of over four months terminated by apprehension, and to a second charge alleging an unauthorized absence. The law officer informed the accused of the meaning of the plea and of its consequences in regard to both the findings and the sentence. The accused indicated that he understood "the meaning and effect" of the plea, and with that understanding he desired to adhere to his plea. However, the law officer held an out-of-court hearing "before finally accepting the plea."

At the out-of-court hearing it was disclosed that the accused had entered into an agreement with the convening authority in regard to the sentence. The law officer informed the accused that despite the agreement he could plead not guilty and require the Government to prove his guilt beyond a reasonable doubt. The accused indicated he understood the pretrial agreement; he had no question in regard to it; and he still wanted to plead guilty. On recall of the court-martial, the law officer ac-

cepted the plea of guilty, and the trial proceeded to findings and sentence. Shortly before the staff judge advocate submitted his post-trial advice to the convening authority, the accused executed a form letter addressed to The Judge Advocate General of the Army titled "Request for Appellate Defense Counsel" in which he noted that he did not desire to have appellate defense counsel appointed to represent him before the board of review. He made no claim of error as a ground for relief from his conviction.

Two issues are presented for our consideration. The first concerns the procedure followed by the law officer. The second relates to the certificate dispensing with appellate defense counsel before the board of review.

A plea of guilty is a judicial confession. Perhaps even more than a pretrial confession, therefore, it must appear that the plea is made voluntarily. Shelton v United States, 242 F 2d 101, 246 F2d 571 (CA 5th Cir.) (1957), reversed and remanded on confession of error by the Solicitor Gen-

eral, 356 US 26, 2 L ed 2d 579, 78 S Ct 562 (1958). To that end, the trial judge must inquire into the circumstances and determine that the plea is the product of the accused's own free will and desire to confess his guilt. In other words, the trial judge must determine that the plea is voluntary.

The rule expressed in paragraph 70a of the Manual for Courts-Martial, United States, 1951, is as follows:

". . . The court may refuse to accept the plea of guilty and should not accept the plea without first determining that it is made voluntarily with understanding of the nature of the charge."

It is also the subject of Rule 11 of the Federal Rules of Criminal Procedure. Consequently, the law officer was entirely correct in conducting a further examination of the accused before "finally accepting" the plea. The difficulty with his examination, however, is that it did not go far enough. Not only should he have ascertained, as he properly did, that the accused understood the meaning and effect of the plea and the punishment to which he was subject, but also that the accused was entering the plea freely and voluntarily, without promise or coercion. True, the law officer made crystal clear to the accused he was not bound by the pretrial agreement and that, despite it, he could enter a plea of not guilty. He did not, however, specifically inquire into the voluntariness of the accused's plea. He should have done so. And with commendable candor the Government admits the deficiency. Under the circumstances, however, we cannot say that

the law officer's failure prejudiced the accused.

The accused was given full opportunity to consult with his counsel. After actual consultation, he insisted that he still desired to enter a plea of guilty. He does not now claim that his plea was the result of any consideration other than his own "consciousness of guilt." Wharton, Criminal Evidence, 12th ed, § 345. Nor does he claim that his plea was improvident or ill-advised. The record of proceedings shows that after full explanation of his right to have the case "contested in open court" he requested his defense counsel to inform the convening authority that he "voluntarily" desired to plead guilty. We conclude that the inadequacy of the law officer's inquiry was not such as to deprive the accused of due process of law or cast doubt upon the correctness of his conviction[1] or the voluntariness of his plea. See United States v Chandler, CM 399665, July 9, 1958.

As to the accused's representation by counsel before the board of review, appellate defense counsel make out an excellent case showing that every convicted accused should request counsel on appeal. However, we are not concerned with the advantages of appellate representation; Congress was plainly aware of them in granting a convicted accused the right to obtain legal representation before the board of review. The only question before us is whether the accused was deprived of this right. The record of the post-trial proceedings shows, and on this appeal the accused admits, that he was informed of his right to appellate counsel. He volun-

---

[1] We do not know whether the law officer's omission was due to inadvertence, or, as the Government contends, to extreme caution. The Government points out that a Department of the Army message instructed law officer's to "determine from accused personally whether he is pleading guilty because he is guilty." This instruction seems to have been intended to reach the question of voluntariness of the plea. In any event, some law officers took to asking the accused: "Are you pleading guilty because you are in fact guilty?" When

this question became the subject of appellate attack, a few law officers shied away from the question, without, however, adopting any substitute inquiry to determine the voluntariness of the plea. See United States v Schwartz, 8 USCMA 731, 25 CMR 235, petition granted on other grounds; United States v Green, petition denied October 30, 1957; United States v Dawson, petition denied, December 6, 1957. The reason for the omission is not important in the circumstances of this case.

tarily signed a certificate saying he did not desire such representation. Considering that such representation is provided free of charge to him, his decision may have been unwise. Considering also that the proceedings before the convening authority were not complete at the time of the execution of the certificate, the decision may have been premature. However, the wisdom of the waiver is for the accused to decide. In an affidavit submitted to this Court he said he made the decision "not to request" counsel because he thought counsel could not do him "much good." The record demonstrates conclusively that the accused was not deprived of appellate counsel, but knowingly and consciously waived his right thereto. United States v Rogan, 8 USCMA 739, 25 CMR 243.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.