UNITED STATES, Appellee

v

ALBERTO E. V. PALACIOS, Private First Class, U. S. Army, Appellant

9 USCMA 621, 26 CMR 401

*Major Edward Fenig* argued the cause for Appellant, Accused. With him on the brief was *First Lieutenant William H. Carpenter.*

*First Lieutenant Jon R. Waltz* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Major Thomas J. Nichols.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused pleaded guilty to, and was convicted of, two offenses in violation of the Uniform Code of Military Justice. On this appeal it is contended that the law officer erred in accepting the plea of guilty.

After the accused indicated he desired to plead guilty, the law officer held an out-of-court hearing to inquire into the circumstances of the plea. Under questioning by the law officer, the accused admitted he understood the nature of the offense and the pretrial agreement he had with the convening authority. Defense counsel indicated he was satisfied with his client's plea. Counsel, however, would not permit the accused to answer the following question by the law officer: "Private Palacios, did you plead guilty because you are guilty?"

No cogent reason for defense counsel's refusal to permit Palacios to answer the question suggests itself. In fact, appellate defense counsel before this Court argue that only if an accused specifically acknowledges his guilt can a reviewing court be sure that the plea is provident.[1]

A plea of guilty is a confession of guilt which like a "verdict of a jury . . . is conclusive." Kercheval v United States, 274 US 220, 223, 71 L ed 1009, 47 S Ct 582 (1927); United States v Lucas, 1 USCMA 19, 1 CMR 19. If the accused is prepared to confess formally in open court, there is no reason to keep silent about his guilt in an out-of-court inquiry into his understanding of the meaning and effect of his plea and the voluntariness of his act. It seems to us that defense counsel should assist, rather than attempt to restrict, the law officer in fully developing the circumstances surrounding the plea. See separate opinion by Member Jones in United States v Nunez, NCM 58 00343, April 23, 1958. A plea of guilty should be the result of consciousness of guilt. United States v Butler, 9 USCMA 618, 26 CMR 398. And a specific acknowledgment of guilt by the accused ordinarily helps the law officer determine that the plea is voluntary and true. Had defense counsel allowed the accused here to answer the question at the trial, we would not now be considering whether the law officer erred in accepting Palacios' plea. Be that as it may, all the evidence supports the law officer's ruling. He determined that the accused understood fully the meaning and consequences of his plea; he also determined that the accused was entering his plea voluntarily. He went further and advised Palacios that he had a "right" to withdraw his plea "at any time prior to the sentence." The accused does not contend before this Court that he is innocent of the charges and that his plea was improvident. We find no merit to the claim that the law officer erred in accepting Palacios' plea of guilty.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.

---

[1] See United States v Butler, 9 USCMA 618, 26 CMR 398, footnote 1.