UNITED STATES, Appellee

v

LEONARD TROTTER, Private First Class,
U. S. Army, Appellant

15 USCMA 218, 35 CMR 190

No. 18,093

February 5, 1965

*Captain Richard P. Delaney* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*First Lieutenant Richard J. Andriolo* argued the cause for Appellee, United States. With him on the brief were *Colonel Edwin G. Schuck* and *Lieutenant Colonel Francis M. Cooper.*

### Opinion of the Court

KILDAY, Judge:

Tried by general court-martial at Fort Hood, Texas, accused pleaded guilty to absence without leave for a period of nearly one year, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was found guilty and sentenced to bad-conduct discharge, total forfeitures, confinement at hard labor for six months, and reduction

218

to the lowest enlisted grade. The convening authority approved, and a board of review in the office of The Judge Advocate General of the Army affirmed the findings and sentence. Thereafter, accused petitioned this Court for grant of review pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867. We allowed his appeal in order to consider the following issue:

"Whether it was prejudicial to allow the court-martial to arrive at findings and sentence in the same closed session."

The facts pertinent to the single question before us do not involve the circumstances of accused's offense, as our inquiry arises out of the procedure followed at trial. The following summary reflects basically how accused's case was handled there, and is sufficient for our purpose.

Upon his arraignment, accused pleaded guilty as charged. The law officer thereupon held an out-of-court hearing making a detailed inquiry into the providency of accused's plea, and stressing that accused should not plead guilty unless he was in fact guilty. It was established that accused understood fully the meaning and effect of his plea, and that the same was voluntarily entered. Further, the law officer explained accused's right to plead not guilty and put the Government to its proof. Accused, however, frankly admitted his unauthorized absence for the period involved, and persisted in his judicial confession of guilt. The law officer then announced that the plea would be accepted.

The law officer was aware that no evidence would be presented before findings, and had been apprised of certain of the matters to be introduced bearing on sentence. Then, having insured that accused's right to present matters in extenuation and mitigation was explained to him, the law officer advised counsel of his plan to have the court-martial vote on both findings and sentence during the same closed session. Counsel for accused affirmatively stated that the defense had no objections to that procedure, and the closed hearing was terminated.

In open session the law officer announced to the court members that accused's plea was accepted, and both sides rested without presenting any evidence. Rather than retiring to consider findings, the court-martial, at the law officer's direction, then heard the personal data and other items pertaining to sentence, the defense matters in extenuation and mitigation, and argument on sentence by both sides. Thereafter, the court was instructed on both findings and sentence, and closed to deliberate. In that single secret session both findings and sentence were determined, after which they were announced in proper sequence in open court.

Appellate defense counsel assail the procedure followed at trial, and claim reversal is required. "From the earliest times in military law," they assert in their brief, "findings have been regarded as an indispensable requisite to any consideration of a sentence. The return of a verdict is not merely a ritualistic proceeding. It is a matter of prime importance and the sine qua non for the receipt of evidence of prior convictions, matters in aggravation, mitigation and extenuation."

Manifestly the defense is correct in its contention that the procedure followed in the case at bar was erroneous. See Articles 51, 52, and 53, Uniform Code of Military Justice, 10 USC §§ 851, 852, and 853; and paragraphs 73, 74, 75 and 76, Manual for Courts-Martial, United States, 1951. Indeed, the Government candidly concedes the error. However, failure to follow correct trial procedure does not necessarily result in reversible error. United States v Mullican, 7 USCMA 208, 21 CMR 334. Equally certain as the irregularity present here, is the conclusion that the erroneous procedure did not prejudice accused's substantial rights. Article 59(a), Uniform Code of Military Justice, 10 USC § 859.

Accused's providently entered plea of guilty, as has long been settled, is a judicial confession of guilt which, like a verdict of a jury, is conclusive. It is equivalent to a conviction of the highest order, and removes from the triers of

**219**

fact any question of guilt or innocence, leaving only the requirement of imposing an appropriate sentence. Kercheval v United States, 274 US 220, 223, 71 L ed 1009, 47 S Ct 582 (1927); United States v Lucas, 1 USCMA 19, 23, 1 CMR 19; United States v Palacios, 9 USCMA 621, 622, 26 CMR 401; United States v Cruz, 10 USCMA 458, 28 CMR 24; United States v Robinson, 13 USCMA 674, 679, 33 CMR 206. Regardless, therefore, of the fact that matters going to sentence came before the court members before they deliberated on findings, it is patent that the procedure of voting on both findings and sentence during the same closed session could not have prejudiced accused in any way whatever on the findings. United States v Lucas, and United States v Cruz, both supra.

We are constrained to reach the same conclusion with regard to sentence. Obviously nothing was before the court-martial of which the court members would not have been aware had findings been separately determined and formally announced earlier. Further, it is certain from the posture of this record that the accused was fully aware of his right to present evidence and matters in extenuation and mitigation, and that the defense in fact was wholly unrestricted from adducing all the items of that sort it desired. Indeed, when apprised by the law officer of the procedure he intended to follow, defense counsel affirmatively indicated the same would be satisfactory, and thereafter proceeded to make a substantial showing in accused's behalf in an effort to diminish the punishment against accused for his admitted offense. In short, all appropriate factors of aid to the court-martial in assessing an appropriate sentence were before the court members, and nothing was before them of which they would have been unaware had there been a prior closed session on findings. There is simply no indication whatever that the situation as to sentence, as ultimately presented to the court-martial, would have been any different had regular procedure been followed.

Accordingly, and under the authorities earlier cited, we hold accused was not prejudiced either as to findings or sentence by the irregular procedure followed at trial. On the basis of those precedents, Judge Ferguson joins in this holding.

Before terminating our discussion, however, we desire to state once again the caveat we expressed in *Lucas*, supra, and repeated in the *Cruz* case. In both those instances, as here, the procedure employed was apparently calculated to expedite the hearing. While we do not find any ill purpose or motive behind the "shortcut" the law officer proposed, and although defense counsel consented to adoption of the procedure, we cannot and do not approve of innovations or expedients which depart from prescribed norms. The wisdom of the procedures to be followed under the Code is not the province of law officers, and it is the duty of the latter to follow the law, not disregard it either in the interest of time or for any other purpose. While we are satisfied in the case at bar to follow the precedents requiring a holding that accused was not prejudiced by the irregular procedure, we repeat that courts-martial should strictly comply with the provisions of the Code and Manual. "The fewer the errors of law the fewer the complaints about injustices." United States v Lucas, supra, 1 USCMA at page 26. We trust our admonition will eliminate the necessity that we further consider such situations in future cases.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.