UNITED STATES, Appellant

v

WALTER R. DRAKE, Specialist Four, U. S. Army, Appellee

15 USCMA 375, 35 CMR 347

No. 18,349

May 7, 1965

*Captain John F. Webb, Jr.*, argued the cause for Appellant, United States. With him on the brief were *Colonel Edwin G. Schuck* and *Lieutenant Colonel Francis M. Cooper*.

*Captain J. Philip Johnson* argued the cause for Appellee, Accused. With him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Martin S. Drucker*, and *Major George O. Taylor, Jr.*

## Opinion of the Court

KILDAY, Judge:

### I

Accused's unauthorized absence for a period in excess of twenty-one months resulted in his trial by general court-martial. He freely admitted his guilt and, in accordance with his plea, was convicted of a violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The court-martial sentenced accused to a dishonorable discharge, confinement at hard labor for one year, total forfeitures, and reduction to the grade of E–1. The convening authority reduced the term of confinement to nine months, but otherwise approved the findings and sentence.[1] Thereafter, a board of review in the office of The Judge Advocate General

---

[1] The Secretary of the Army subsequently directed that a bad-conduct discharge be substituted for the dishonorable discharge.

of the Army set aside the findings and sentence, and ordered a rehearing.

Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General has certified the case to this Court for review, requesting that we resolve the following issue:

Was the board of review correct in finding the approved findings of guilty and the sentence incorrect in law and setting them aside on the ground that the law officer, while inquiring into the providence of the guilty plea of the accused in open court and in the presence of the court members, questioned the accused, in effect, as to whether he was in fact guilty?

## II

As may be seen from the certified question, the board of review's decision has its roots in the inquiries made by the law officer at trial, of the accused, before deciding to accept the latter's guilty plea as having been voluntarily and providently entered. The following summary reflects what transpired at that stage of the proceedings, and serves to place the issue in perspective.

When, upon accused's arraignment, it was indicated he desired to plead guilty to absence without leave, as charged, the law officer held a short side-bar conference. In the course thereof, he stated he had several questions to ask accused and advised the latter that he might answer if he chose, but had the absolute right to remain silent, and added that accused was free to consult with his defense counsel. The law officer also determined, at that time, that no pretrial agreement was involved in the guilty plea.

Thereafter, in open court and in the presence of the court members, the law officer conducted a hearing. He noted that, under Article 45(a), Uniform Code of Military Justice, 10 USC § 845, a plea of guilty could not be accepted in the face of matter inconsistent therewith, nor if the same were entered improvidently or through lack of understanding of its meaning and effect. The law officer then embarked on a full scale inquiry into the providence and voluntariness of accused's guilty plea, and his understanding of the import thereof. These questions were posed directly to the accused and, in substance, the nature of the inquiry was whether accused was in fact guilty. When the accused's answers indicated he was, and that he understood the significance of his guilty plea and entered it voluntarily, the law officer ruled that the same would be accepted.

## III

Preliminarily, we note that Article 45, Uniform Code of Military Justice, 10 USC § 845, expressly forbids acceptance of a plea of guilty in the face of matter inconsistent therewith or if the same is entered improvidently or through misunderstanding of its meaning and effect.

On many occasions, this Court has been confronted with cases requiring consideration of the providence of pleas of guilty. One such instance was United States v Brown, 11 USCMA 207, 29 CMR 23. There, Judge Ferguson dissented from the holding of the Court, but in his separate opinion discussed the procedural aspects of insuring that guilty pleas are not improvidently entered. We are in full agreement with his suggestion, and deem it desirable to repeat it here:

". . . [C]ontinual controversies over whether pleas are provident would be almost entirely eliminated if the presidents of special courts-martial and the law officers of general courts-martial would abandon their rigid adherence to the formula advice concerning the meaning and effect of guilty pleas and seek to find if the accused, in truth, is actually guilty of the offenses charged and realizes the admissions inherent in his plea. That is what Congress intended to be done when it enacted Code, supra, Article 45, 10 USC § 845. . . .

". . . Accordingly, I suggest that the officers charged with that duty in courts-martial interrogate the accused upon his plea in simple, nontechnical language and determine if

**377**

he understands it in fact admits the allegations involved in the specifications and that he is pleading guilty because he is in fact guilty. An extended examination of the accused along these lines insures providence upon the record and gives the lie to his later claims of impropriety. Indeed, I am informed that such an examination is standard in the United States District Courts." [United States v Brown, supra, at pages 214 and 215.]

Those observations are in harmony with our earlier decisions in United States v Butler, 9 USCMA 618, 26 CMR 398, and United States v Palacios, 9 USCMA 621, 26 CMR 401, regarding the inquiry that should be made before a plea of guilty is accepted.

So, too, in United States v Robinson, 13 USCMA 674, 33 CMR 206, this Court emphasized that a plea of guilty must be entered in open court, and called attention to the necessity for making proper inquiry regarding a guilty plea.

Again, in the recent case of United States v Griffin, 15 USCMA 135, 35 CMR 107, we were concerned with a similar matter. Once more we stressed the necessity that proper inquiry and explanation be made before accepting an accused's plea of guilty, in accordance with paragraph 70b, Manual for Courts-Martial, United States, 1951, which comports generally with Rule 11, Federal Rules of Criminal Procedure.

There can be no problem, then, regarding the fact that the law officer made such an explanation and inquiry in the case at bar. The dispute is not with regard to the fact that the law officer did so. Rather, it is that he made such inquiry in open court and in the hearing of the court members that gives rise to the issue before us.

### IV

Before the board of review, appellate defense counsel urged that the procedure followed by the law officer violated accused's substantial rights and required that the findings and sentence be set aside. The principal thrust of the defense contention was that, when accused's answers were elicited in open court after entry of a plea of guilty but before the same was accepted, more than a plea of guilty was thereby put before the court members. They were also made aware of what was an effective oral confession by accused. This, it was asserted, effectively precluded the possibility of a subsequent withdrawal of the guilty plea. Additionally, the defense argued, the law officer's procedure of interrogating accused on his plea in open court would, in all likelihood, if it elicited matters making his plea improvident, render the court members who heard the information ineligible to continue to sit on the case as a contested matter.

The majority of the nine-man board of review, with four members dissenting, sustained the assignment of error. Relying on an Army board of review opinion in United States v Nowak, CM 411456, August 13, 1964, the majority of the board members agreed with appellate defense counsel that the procedure constituted reversible error. The Nowak case, in turn, placed reliance on United States v McClinthen, 24 CMR 436, and on the following remarks extracted from our opinion in Robinson, *supra:*

> "That is not to suggest that inquiry into the voluntariness and an accused's understanding of his guilty plea should also be made in open court-martial session, in the hearing of the members. Such inquiry should, of course, be made by the law officer, and may appropriately be handled in a hearing out of the presence of the court members. See United States v Butler, 9 USCMA 618, 26 CMR 398; United States v Palacios, 9 USCMA 621, 26 CMR 401." [United States v Robinson, supra, at page 680.]

### V

Of course, we are in full agreement with the board of review that law officers presiding in general court-martial cases would be well advised to make the proper inquiries as to guilty pleas in a closed session, outside the

**378**

hearing of the court members. We are aware of no difficulty, delay, or other impediments that will be encountered by a law officer in proceeding in this matter in an out-of-court hearing. And if that practice were followed, in general courts, it is apparent that complaints of the sort registered in the case at bar would be entirely eliminated. Indeed, this is precisely what we had in mind when we volunteered the last quoted caveat in the *Robinson* case, supra. We take this opportunity to reaffirm that suggestion.

Nevertheless, it is apparent that the approach followed by the majority of the board of review, and espoused here by appellate defense counsel, is much too broad. It must be borne in mind, as Judge Ferguson pointed out in the *Brown* case, supra, that the explanation and inquiry as to guilty pleas is equally necessary in special courts-martial as in general courts. Since the rulings of the president of a special court—including acceptance or rejection of a plea—are subject to objection by the other court members, it is obvious that the decision of the board of review is erroneous insofar as special courts-martial are concerned.

But there are more fundamental misconceptions underlying the board's opinion, even with regard ▌ to general courts. The *Mc-Clinthen* case, which was followed, both in the case at bar and in *Nowak*, held that inquiry into an accused's plea in open court violated the accused's privilege against self-incrimination. In all fairness, we note that *McClinthen* was decided prior to this Court's holding in United States v Palacios, supra. As we there indicated, however, with regard to a law officer's inquiry whether the accused was pleading guilty because he was in fact guilty,

"No cogent reason for defense counsel's refusal to permit Palacios to answer the questions suggests itself." [United States v Palacios, supra, at page 622.]

An accused who enters a plea of guilty invites—indeed the law requires—inquiry into whether he realizes what he is doing. As the dissenting members of the board of review indicated in the instant case, a statement admitting his guilt, elicited from an accused through questioning by the law officer, cannot be prejudicial to his rights or any more incriminating than his guilty plea. See United States v Gilliland, 10 USCMA 343, 27 CMR 417; Ullmann v United States, 350 US 422, 100 L ed 511, 76 S Ct 497 (1956). This is so for the additional reason that, in the event a mistrial were later declared, or a rehearing ordered, neither an accused's plea of guilty nor inquiry made or evidence admitted in connection therewith, may be used against him in a subsequent trial. United States v Daniels, 11 USCMA 52, 28 CMR 276; United States v Stivers, 12 USCMA 315, 30 CMR 315; United States v Barben, 14 USCMA 198, 33 CMR 410; Kercheval v United States, 274 US 220, 71 L ed 1009, 47 S Ct 582 (1927). See also Wood v United States, 128 F2d 265 (CA DC Cir) (1942).

Moreover, and apart from the foregoing, in the case at bar the accused was, as the four dissenting board members pointed out, represented by qualified counsel; invited by the law officer to confer with his lawyer; and expressly advised that he need not answer any question and could remain absolutely silent. For all these reasons it is manifest that the reasoning of *McClinthen*, regarding self-incrimination, is spurious and cannot be applied here.

The same is true of the position taken in *Nowak*, and here urged by appellate defense counsel, that the procedure followed effectively precludes the possibility of accused subsequently withdrawing his guilty plea. As we have pointed out above, neither an accused's guilty plea nor his answers in response to the law officer's inquiry relative thereto, may be used against him if his plea is withdrawn and he is subsequently tried on the merits. Hence, the fact that an accused's response to such inquiry was in open court and heard by the court members would not circumscribe him in withdrawing his guilty plea. Moreover, it is significant that in the case at bar the law officer expressly ad-

vised accused that he might withdraw his plea at any time prior to sentence. See United States v Kepperling, 11 USCMA 280, 282, 29 CMR 96. See also United States v Politano, 14 USCMA 518, 34 CMR 298. Hence, we also reject that contention.

One further argument meriting our attention is the other conclusion by the board in *Nowak,* which is here espoused by the defense. That is the alleged defect that, had matter rendering accused's plea improvident been elicited in the course of his response to the law officer's questions, the court members would likely be ineligible to continue to sit on the case on a contested basis, as they had heard the accused's answers. Again, we point out that this alleged disqualification would be equally applicable to members of a special court-martial who must hear the colloquy relative to a guilty plea. But more important—and here the argument clearly misses the mark—is the fact that such an approach deals in the abstract, not the concrete.

We need not be concerned here with any possible hypothetical situation. Assuming that a problem might be presented in such a case, or in a special court-martial where the members necessarily are aware of the answers elicited concerning a guilty plea, the case at bar raises no such issue. Here the accused has never, at any time, questioned the propriety of his plea or challenged its providence—not at trial, at intermediate levels of review, nor even before this Court.

Indeed, there is no indication that, if a rehearing were ordered, accused would plead differently. And we note the inquiry made by the law officer was designed, and in fact served, to insure that accused's guilty plea was not improperly received. Such a guilty plea is not to be treated lightly. As we stated recently in United States v Trotter, 15 USCMA 218, 219, 35 CMR 190:

"[An] Accused's providently entered plea of guilty, as has long been settled, is a judicial confession of guilt which, like a verdict of a jury, is conclusive. It is equivalent to a conviction of the highest order, and removes from the triers of fact any question of guilt or innocence, leaving only the requirement of imposing an appropriate sentence. Kercheval v United States, 274 US 220, 223, 71 L ed 1009, 47 S Ct 582 (1927); United States v Lucas, 1 USCMA 19, 23, 1 CMR 19; United States v Palacios, 9 USCMA 621, 622, 26 CMR 401; United States v Cruz, 10 USCMA 458, 28 CMR 24; United States v Robinson, 13 USCMA 674, 679, 33 CMR 206."

Manifestly, then, there is no fair risk that the procedure here under question was prejudicial to accused's substantial rights.

To the extent that the decisions in United States v McClinthen, and United States v Nowak, both supra, are inconsistent with our opinion, we decline to follow the same. The correct view, in light of our prior decisions, is that taken by Air Force boards of review in United States v Lynn, 31 CMR 735; and United States v Croft, 33 CMR 856, and the result reached by an Army board in United States v Allen, CM 411455, August 14, 1964.

VI

Accordingly, we answer the certified question in the negative. The decision of the board of review, therefore, is reversed.

Notwithstanding our action, we reiterate our belief that inquiries of the sort with which we are here concerned should, in general court-martial cases, be held by law officers in closed session, outside the hearing of the court members. United States v Robinson, supra.

The record is returned to The Judge Advocate General of the Army for reference to a board of review for further action not inconsistent with this opinion.

Chief Judge QUINN and Judge FERGUSON concur.