UNITED STATES, Appellant

v.

LLOYD DALE HARRIS, Engineman Fireman, U. S. Navy, Appellee

1 USCMA 430, 4 CMR 22

No. 448

Decided June 11, 1952

CDR. Malcom J. Bradbury, USN, for Appellant.
CDR. Raymond van Wolkenten, USN, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by Navy general court-martial of violations of Articles 85, 86 and 87 of the Uniform Code of Military Justice, 50 USC §§ 679–681. He was sentenced to a bad-conduct discharge, forfeiture of $50.00 per month for 2 years, and confinement at hard labor for 2 years. The convening authority approved but reduced the period of confinement and forfeitures to 18 months. A Navy board of review set aside the desertion finding on the ground that certain documentary evidence was not received in evidence. The case is here on certificate from The Judge Advocate General of the Navy.

The sole issue certified is whether prosecution exhibits 1(1), 1(2), 1(3), and 1(4) were "received" in evidence and therefore properly before the court-martial when it deliberated on its findings. The exhibits in question are service record entries relating to the absences of the accused. The procedure in relation to these exhibits is reported in the record as follows:

"TRIAL COUNSEL: If it please the court, I intend to introduce certain service record entries that I would like to call to the attention of the Defense Counsel. If he has any objection then I will take the stand.

DEFENSE COUNSEL: We admit everything. The only thing we will contest is the charge of desertion and admit everything else.

TRIAL COUNSEL: If it please the court, I think we should be more specific about those admissions or else I should go on with my proof.

DEFENSE COUNSEL: I won't object to anything in the service record if you want to admit it, that's allright.

TRIAL COUNSEL: My first entry is a page 13. . . . The next entry is a page 13. . . . The next entry is a page 14. . . .

LAW OFFICER: What was the last entry?

.    .    .    .    .    .

TRIAL COUNSEL: If it please the court, I will extract those pages and present them into evidence. I request that these be marked as Exhibits in that order.

(The Trial Counsel tendered the pages to the Law Officer)

TRIAL COUNSEL: I would like to invite attention that I read only from here down, on that page. (Pointing)

LAW OFFICER: Have the reporter mark them Prosecution Exhibits 1 paren 1 through paren 4."

The exhibits themselves reflect that they are photostatic copies of official service record entries. Such copies, when properly authenticated, are admissible in evidence to show the absence of an accused. United States v. Masusock, (No 15), 1 USCMA 32, 1 CMR 32, decided November 9, 1951. Although the trial counsel stated nothing in reference to authentication, the exhibits themselves reflect that they are certified to be true copies. Furthermore, a defect in the failure to properly authenticate a document may be waived by a failure to object. United States v. Castillo, (No 449), 1 USCMA 352, 3 CMR 86, decided May 2, 1952. Therefore, the only objection to viewing these documents as being properly in evidence is the failure of the law officer to so state. Instead, he merely directed the reporter to mark the exhibits. We think the law officer's statement may be construed to be a reception in evidence of the questioned documents. Defense offered no objection. The record is clear that the court and both counsel considered them to have been received in evidence. These facts are persuasive that the law officer intended to admit the documents. We construe the order of the law officer to have the documents marked as exhibits as sufficient, under these facts, to constitute a ruling that they were received in evidence. To hold otherwise would be to unduly emphasize form over substance.

Even if a contrary view be taken on this issue, we think the remarks of defense counsel admitting the truth of the matter contained in the records constituted a stipulation. See United States v. Carter, (No 159), 1 USCMA 108, 2 CMR 14, decided January 18, 1952, where the requirements of a stipulation are discussed. Comparable is Dick v. United States, 40 F2d 609 (CA8th Cir), wherein the court upheld the acceptance of admissions of defense counsel as to prior convictions as a substitute for documentary evidence.

The question certified is answered in the affirmative. The case is remanded to The Judge Advocate General of the Navy for referral to the board of review for such further action in accordance with this decision as it deems necessary or advisable.

Judges LATIMER and BROSMAN concur.