UNITED STATES, Appellant

v

AL MULLICAN, Private, U. S. Marine Corps Reserve, Appellee

7 USCMA 208, 21 CMR 334

No. 8254

Decided July 13, 1956

*Captain Charles R. Larouche,* USMC, argued the cause for Appellant, United States.

*Commander John W. Shields,* USN, argued the cause for Appellee, Accused.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted of desertion, a violation of Article 85, Uniform Code of Military Justice, 50 USC § 679, and was sentenced to dishonorable discharge, total forfeitures, and confinement to hard labor for two years. The convening authority approved. A Navy board of review disapproved the findings and sentence and ordered the case returned for a rehearing; whereupon The Judge Advocate General of the Navy certified the following question:

"Did the procedure, to which the accused consented, wherein the question of admissibility of certain evidence was determined prior to convening the court, constitute a denial of military due process of law?"

The order appointing the court in

this case bears the date of July 25, 1955. The convening authority referred the case to trial on September 27, and on September 29, a pretrial hearing—attended by the law officer, trial and defense counsel, the accused, and a reporter—was held. The purpose of the hearing was to determine the admissibility of nine prosecution exhibits. Exhibits 3 through 8, concerned with prior convictions of the accused, were offered by the prosecution to establish a pattern of the accused's conduct with respect to absence offenses. The law officer prefaced the hearing by stating that he considered this type of procedure beneficial for the reason that it afforded the accused preknowledge of the Government's evidence which he might consider objectionable. Additionally, he felt that the rights of the accused were more fully protected at the pretrial than at the trial proper because the court members, not being present, would be unable to speculate as to the contents of any inadmissible prosecution exhibits. At the completion of the law officer's statement, and the trial counsel's assertion that he favored such a hearing, the defense counsel remarked:

"In answering for the accused, the defense counsel states that he has no objection whatever to conducting this pretrial hearing and expressly approves of it because of the possible prejudice to the accused if offer of such evidence is made before the members of the court."

Prosecution Exhibits 1 through 9 were admitted into evidence by the law officer. Five days later, after the court which was to try the accused had been convened, the following remarks appear on the record:

"TC: At this time, Mr. Law Officer, I would like to read to the court Prosecution Exhibits which have previously been admitted into evidence.

"LO: Very well, but I think you should take the stand, Mr. Sharpe, and read those under oath.

"TC: Yes, sir.

.   .   .   .   .

"LO: Before    proceeding,    Mr.

Sharpe, at a time prior to trial the law officer held a pretrial hearing which was attended by the law officer, the trial counsel, defense counsel, the accused, and the reporter. We proceeded under Rule Twelve of the Federal Rules for Criminal Procedure for the District Courts of the United States. The trial counsel and the defense counsel agreed to this procedure and it was done with the specific consent of the accused in this case. We feel that it is legal. We feel that if it is approved on review that such a procedure will greatly expedite the trials of these cases. I say this only to explain to you that the admissibility of certain evidence has been determined at a time prior to trial, and at this point now the trial counsel will read to the court that evidence which has previously been ruled admissible by the law officer."

The trial counsel was sworn as a witness and read the exhibits to the court. The accused was convicted. It was this pretrial procedure which the board of review held deprived the accused of military due process.

With the advent of the Federal civil and criminal rules of procedure, pretrial hearings have become a useful adjunct to the trial proper. The authors of the Manual, with respect to motions, used as a guide the procedure prescribed by Rules 11 and 12 of the Federal Rules of Criminal Procedure. See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, Conference 5c, page 80. Federal Criminal Rule 12(b)(1) provides: "Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." Some of the defenses and objections covered by this Rule include former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, mental incapacity to stand trial, and failure of an indictment or information to charge a crime. Paragraph 67a of the Manual for Courts-Martial, supra, follows Federal Rule 12(b)(1) to the extent that it provides that any defense or objection which is capable of deter-

mination without trial of an issue raised by a plea of not guilty may be raised either before trial, by reference to the convening authority, or by motion to the court before the plea is entered. In addition to the foregoing, Rule 41(e), Federal Rules of Criminal Procedure, authorizes a pretrial determination of a motion for the return of property and suppression of evidence obtained as a result of a search and seizure.

The Rules of Criminal Procedure do not specifically contain a counterpart of Rule 16 of the Federal Rules of Civil Procedure; nevertheless, it is a fact that wherever procedurally practicable the Federal Criminal Rules follow the civil rules. Rule 16 of the Civil Rules authorizes pretrial for the purpose of simplification of the issues; disposition of amendments and supplemental pleadings; to obtain admissions of fact and documents to avoid unnecessary proof; and for any other purpose which might aid in the disposition of the action. But it must be noted that such procedure is generally not authorized for or used in criminal trials.

While, therefore, the unorthodox procedure in this case is not specifically permitted by either the Code or the Manual, we cannot agree with the board of review that it resulted in a deprivation of military due process. Here the officers who participated in the pretrial hearings are the same individuals who thereafter took part in the trial. Paragraphs 57d(2) and 57g(2), Manual for Courts-Martial, supra, authorize the law officer during trial to hold out-of-court hearings to determine the admissibility of evidence. While it is true that a hearing of this type should be held during the course of the trial, and not at a pretrial conference, counsel for the accused apparently considered the law officer would have acted no differently with respect to the admissibility of the documents in either event for he consented to the procedure and did not object when the exhibits were read to the court. The accused was afforded the same opportunities to object, call witnesses, or to take any other defensive posture to which he would have been entitled had an interlocutory conference been held at the trial.

It is noted that the prosecution documents were not readmitted into evidence at the trial for the reason, ■■■■■■ as expressed by the law officer, that they had previously been admitted into evidence at the pretrial hearing. However, the trial counsel was sworn and read the exhibits into the record and afterward all parties treated them as having been received into evidence. Under the circumstances their contents were properly before the court. "To hold otherwise would be to unduly emphasize form over substance." United States v Harris, 1 USCMA 430, 4 CMR 22. See also United States v Walker, 1 USCMA 580, 5 CMR 8. Moreover, what took place at the pretrial conference is ■■■■■■ part of the record. The accused was not deprived of his right of review by the board of review and this Court on the law officer's ruling on the evidence.

Finally, we cannot ignore the fact that the defense counsel not only consented to the procedure followed ■■■■■■ in this case, but expressly stated that he favored it. This goes even further than the ordinary doctrine of waiver. An accused cannot consciously elect a particular mode of procedure and thereafter maintain on appeal that this procedure prejudiced his rights, unless the matter is jurisdictional. United States v Smith, 2 USCMA 440, 9 CMR 70. He cannot, of course, confer jurisdiction if in fact it does not exist. But the procedure here was not jurisdictional.

In view of our holding we do not find it necessary to put our stamp of approval or disapproval on the pretrial proceedings in issue. Suffice it to note that such procedure has not been provided for in criminal practice in general nor by the Code or Manual in particular. If, on the other hand, the services decide that some such proceedings—as distinct from those now provided—are desirable, they should be set up in an orderly fashion under the provisions of Article 36(a), Uniform Code of Military Justice, 50 USC § 611, or by way of amendment to the Code.

Since we find no possibility of preju-

dice to the accused, the certified question is answered in the negative. The decision of the board of review is reversed and the case is returned for disposition not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.