UNITED STATES, Appellee

v

CECILIO RIVERA-CIRINO, Specialist Four,

U. S. Army, Appellant

12 USCMA 417, 31 CMR 3

No. 14,684

June 30, 1961

*First Lieutenant Vernon C. Maulson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph W. Wofford.*

*First Lieutenant Carl F. Wrench* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy.*

## Opinion

ROBERT E. QUINN, Chief Judge:

On his plea of guilty before a general court-martial at Fort Hood, Texas, the accused was convicted of six specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The court-martial imposed a sentence which included a dishonorable discharge and confinement at hard labor for seven years. The convening authority reduced the period of confinement to four years, but otherwise approved the conviction and sentence. A board of review affirmed the findings of guilty, but further reduced confinement to two years. We granted review to consider the effect of certain remarks by trial counsel in his argument on the sentence.

After the findings, a stipulation of

fact was admitted into evidence. It appears therefrom that before being transferred to Germany in 1958, the accused found an identification card bearing the name Juano D. Mayo. He kept it. Some two years later, on receiving orders to return to the United States, the accused opened a checking account in the name of Mayo, in an American Express Company facility in Nurnberg. In the next two days, using the Mayo card for identification, he drew checks on the account which in the aggregate greatly exceeded the amount deposited. Thereafter, the accused departed Germany by air. From the data on the charge sheet read into evidence, it appears the accused had approximately ten years of service.

Defense counsel argued at length

**417**

for a lenient sentence. He reviewed the accused's military background, which included service in Korea from November 1951 to December 1952, and the award of the Bronze Star Medal; and commented on the accused's repentance. He asked the court-martial to adjudge a sentence which did not include confinement "so . . . [the accused could] help pay these people back," and thereby benefit "his community" and support his family. Trial counsel opposed the plea for leniency in confinement. He said.

> "If it please the law officer and the court, gentlemen. I think this argument just about takes the cake! Because the idea seems to be, steal large amounts because it takes longer to pay them back, and you can stay out of jail longer the more you steal, the surer you are of staying out of jail, because it takes you longer to pay it back. These crimes I think are about the most cold blooded that have come before this court. The most calculated, I think they, more than any offenses you have tried, evidence a real criminal mind, and real planning and plotting, and carring [sic] into effect of this plan to bilk everybody including the Exchange and the German Public. The ID card, Mayo's ID card, as you have read in the stipulation as I read it to you, was carried around by this accused for some two years after finding it here in Fort Hood, and carring [sic] it around with him in Germany. Until finally two days before he is ready to come back to the States, when it appears the opportunity, the likely hood [sic] of apprehension would be lowered. Two days; his get away is assured; he has orders for a military transport, when he makes this wild flurry, this one man crime wave. Six seperate [sic] larcenies on the 14th, and 15th of March, 1960. With a reporting date

at the airfield of 16 March, and actual departure on the 17th of March, back here where he apparently thought he would be safe, undetected. I submit gentlemen, in those two days, this accused did more to harm German-American relations than any other battalion caused in their entire stay. Thank you."

No objection to trial counsel's remarks was made by the defense. Additionally, before the court-martial retired to consider the sentence, it received the following instruction from the law officer:

> "The court is cautioned that in spite of the remarks of the trial counsel, the court will adjudge the appropriate sentence in this base based solely upon the circumstances of this case as it has been presented in the court today."

On the basis of the record before us we need not pass on whether trial counsel's remarks were improper and, if improper, whether the risk of adverse influence was eliminated by the law officer's instructions, or waived by the defense failure to object. Cf. United States v Cook, 11 USCMA 99, 28 CMR 323; United States v Doctor, 7 USCMA 126, 21 CMR 252. The remarks were directed to the period of confinement. Before trial, the accused indicated in a letter to the convening authority that he considered a sentence to confinement which did not exceed four years "a lenient final sentence." Although this was the period of confinement approved by the convening authority, the accused nevertheless argued on review before the board of review that in the light of certain comments by the staff judge advocate[1] in the post-trial review he did not deserve so "severe a sentence." The board of review reduced the period of confinement from four years to two years. Considering the number

---

[1] In part the staff judge advocate said: "While remarks such as these [*i.e.*, that the accused feels very sorry and ashamed of himself and would like to be able to repay the losses he caused] are fairly typical at this stage

of the proceedings, this man left me with the feeling that he does feel truly ashamed of himself, and that he will try very hard to demonstrate by his attitude and behavior that he merits future restoration."

and nature of the offenses and the similarities between defense counsel's argument and the staff judge advocate's comments, in our opinion, this reduction eliminated any possible influence trial counsel's remarks may have had on the sentence. United States v Peters, 8 USCMA 520, 25 CMR 24; cf. United States v Fowle, 7 USCMA 349, 22 CMR 139.

The decision of the board of review is affirmed.

Judge FERGUSON concurs in the result.