UNITED STATES, Appellee

v

JOHN H. NEAL, Private First Class, U. S. Army, Appellant

12 USCMA 723, 31 CMR 309

*First Lieutenant Robert L. Brosio* argued the cause for Appellant, Accused. With him on the brief was *Captain Jerome D. Meeker.*

*First Lieutenant Harvey L. Zuckman* argued the cause for Appellee, United States. With him on the brief was *Major Francis M. Cooper.*

### Opinion of the Court

QUINN, Chief Judge:

Convicted of stealing three Government carbines, the accused was sentenced to a bad-conduct discharge, confinement at hard labor for three years and accessory penalties. The conviction was affirmed by intermediate appellate authorities with reduction in the period of confinement to two years. On this appeal, the accused contends he is entitled to a rehearing on the sentence because he was prejudiced by an intentionally misleading and inflammatory argument by trial counsel.

Neither of the two defense lawyers objected to any part of trial counsel's remarks. Although the failure to object at trial normally precludes appellate consideration of purportedly prejudicial argument, the accused contends trial counsel's argument was so misleading and so inflammatory as to justify review. See United States v Doctor, 7 USCMA 126, 21 CMR 252; United States v Abernathy, 24 CMR 765. The claim of intentional misstatement of fact is based upon a comment that the accused was "unsuccessful in his attempt to sell" the weapons, and that "probably . . . [was] the reason why they were recovered." In an oral pretrial statement the accused had said he "sold" the weapons. Apparently to lessen the effect of the admission, defense counsel told the court-martial the accused received "nothing" for the weapons and with the accused's cooperation they had been recovered by the Federal Bureau of Investigation. These remarks seem to indicate that the relationship between accused and the person to whom he turned over the weapons was such that there really was no "sale," in the sense of an arm's length transaction under which the accused lost all control over the carbines. From the standpoint of mere "argument," which is all that trial counsel said he was presenting, it was not unreasonable for him to characterize the "sale" as an "unsuccessful attempt." At worst, the situation was one in which both counsel were "arguing for an inference not supported by the record"; and trial counsel's remark was merely a response to the assistant defense counsel's interpretation of the significance of the fact the accused received "nothing" for the carbines and that he assisted in their recovery. United States v Achilli, 234 F2d 797, 802 (CA 7th Cir) (1956).

Turning to other parts of trial counsel's argument, the accused describes it as a "bloodthirsty" effort to paint him as a purveyor of arms to "the two most serious internal menaces to the United States, gangsters and communists." It may indeed be true, as appellate defense counsel suggest, that semi-automatic weapons of the type stolen by the accused may be used for "normal legitimate business." But, it is also true that such weapons purchased from a thief can be employed for illegal purposes. Consequently, trial counsel could properly argue the potential danger of such weapons "in the hands of the wrong person." Essentially, his argument on this point is merely a reply to the defense argument that since the guns were recovered there was "no chance" that they could be used to harm anyone. United States v Achilli, supra; United States v

**724**

Doyle, 234 F2d 788, 795 (CA 7th Cir) (1956).

Finally, it is contended that counsel's remarks on the "dishonorable" character of the accused's action and the nature of the times improperly impugn the accused's patriotism. The argument is rather farfetched. But, even if the court-martial members construed the comments in the light now urged by the accused, they obviously were unimpressed and uninfluenced by them. The remarks were tied, obliquely but quite definitely, to a plea that a dishonorable discharge be imposed upon the accused. Instead of adjuding that kind of discharge, the court-martial imposed only the lesser bad-conduct discharge. Consequently, even if these particular remarks of trial counsel exceeded fair comment, apparently they did not influence the court-martial to the accused's prejudice. See United States v Rivera-Cirino, 12 USCMA 417, 31 CMR 3; United States v Carpenter, 11 USCMA 418, 29 CMR 234.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.