UNITED STATES, Appellee

v

DANIEL T. WEAVER, Private First Class, U. S. Marine Corps, Appellant

13 USCMA 147, 32 CMR 147

No. 15,708

June 8, 1962

*Lieutenant Colonel M. G. Truesdale,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Earl Munson,* USNR.

*Lieutenant Harold Wallum, Jr.,* USNR, argued the cause for Appellee, United States. With him on the brief was *Captain James W. Grant,* USN.

### Opinion of the Court

QUINN, Chief Judge:

On his plea of guilty the accused was convicted of eleven offenses in violation of the Uniform Code of Military Justice and was sentenced to dishonorable discharge, confinement at hard labor for ten years and accessory penalties. He appealed to this Court on four assignments of error.

Initially, the accused contends trial counsel was disqualified and should have disclosed his disquali fication so that appropriate action could be taken to "insure that . . . [he] not act" in the case. Manual for Courts-Martial, United States, 1951, paragraph 44*b*; see also United States v Schuller, 5 USCMA 101, 105, 17 CMR 101. Specifically, he contends trial counsel was not eligible for appointment because he previously acted as counsel to the Article 32 investigating officer. This point was considered in United States v Young, 13 USCMA 134, 32 CMR 134, and decided against the accused. In any event, this case is clearly distinguishable from *Young,* in that trial counsel, in fact, acted at the pretrial investigation as "Counsel for the Government." The trial counsel, Lieutenant Karst, replaced Captain Spence at the investigation. The verbatim transcript of the proceedings shows Captain Spence was present as "Counsel for the Government." While at one point Captain Spence called himself "counsel for

the investigating officer," he thereafter consistently and frequently described himself as "government counsel." Lieutenant Karst's substitution for Captain Spence is shown in the record as follows:

"INVO: . . . Let the record show that there is a change in the Counsel for the Government since the previous meetings of this investigation. Counsel for the Government is now First Lieutenant Alexander KARST, U. S. Marine Corps."

Finally, in his formal report, the investigating officer said that "Captain Charles E. SPENCE, USMC, was assigned as Counsel for the Government." The inescapable conclusion, therefore, is that Lieutenant Karst, Captain Spence's replacement, at all times actually represented the Government in the Article 32 investigation.

The Article 32 investigation is an important part of court-martial procedure. United States v Young, supra; United States v Nichols, 8 USCMA 119, 23 CMR 343. Manifestly, the Government as well as the accused has an immediate and material interest in the proceedings. United States v Eggers, 3 USCMA 191, 11 CMR 191. Although no provision of the Uniform Code or the Manual requires the Government to be present, its appearance may be desirable and helpful. In their able brief, appellate Government counsel have advanced a number of reasons to sustain the propriety of the Government's representation by counsel at the Article 32 investigation. Suffice it for our purposes to say, as did the board of review below, that "we can find no fault" with the practice, which has the legitimate effect of making the investigation "an adversary proceeding, presided over by the investigating officer."

In a second complaint relating to trial counsel, the accused contends he made an inflammatory appeal to the court to impose a severe sentence in order to promote harmony between American military forces and the Okinawan civilian community. See United States v Cook, 11 USCMA 99, 28 CMR 323. The board of review considered the claim

of error and concluded that trial counsel's argument did not exceed the bounds of fair comment. It also referred to the reduction in the period of confinement from ten years to two and one-half years effected by the convening authority in accordance with a pretrial agreement with the accused, and held that, under all the circumstances, the reduced sentence was "fair and appropriate." It is apparent, therefore, that the board of review made an independent evaluation of the appropriateness of the sentence, and thereby eliminated any possible adverse impact of trial counsel's remarks. United States v Rivera-Cirino, 12 USCMA 417, 31 CMR 3.

Turning to the instructions on the sentence, the accused contends two errors were committed by the law officer. He maintains that parts of the instruction amount to a direction to the court-martial to impose a dishonorable discharge rather than a bad-conduct discharge because of the felonious nature of the offenses to which the accused pleaded guilty. The argument is predicated upon certain statements to the effect that a dishonorable discharge should be reserved for persons convicted of offenses recognized as felonious in the civilian law; and that under the United States Code, 18 USC § 1, an offense punishable by death or imprisonment exceeding one year is denominated a felony. Appellant's construction of these remarks is strained and captious. The law officer expressly told the court-martial that none of his instructions were "to be taken" as an expression of his opinion as to what was or was not an appropriate sentence. Also, he instructed the court-martial that it alone was responsible for determining the sentence, and that it should exercise its judgment in the light of "all the facts and circumstances . . . in the case." There is, therefore, no merit in this aspect of the accused's criticism.

Finally, it is alleged, the instructions are erroneous, in that they cumulate the period of confinement for several larcenies, which, the accused says, are not

separate for punishment purposes. On three occasions the accused broke into the premises of other persons and took away certain articles of personal property. In each instance, on the same day as the theft, the accused pawned the article. He was charged with, and pleaded guilty to, the initial larceny from the owner, and also to the transactions with the pawnbrokers. The latter were apparently predicated upon the theory that the accused obtained the money from the pawnbrokers on the false pretense that he was the owner of the pawned articles. Appellate Government counsel point out that each transaction "involve[d] completely different acts . . . separated . . . [in] time, place, victim, [and] property purloined." The only connecting link between each larceny and pawn transaction is the fact that the property stolen from its owner was the instrument used in the accused's scheme to obtain money from the pawnbroker. Under the circumstances, the offenses are separate for punishment purposes. United States v Gibbons, 11 USCMA 246, 29 CMR 62; United States v McClary, 10 USCMA 147, 27 CMR 221; see also United States v Jackson, 13 USCMA 66, 32 CMR 66.

The decision of the board of review is affirmed.

Judge KILDAY concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

This case points up the distinction between permitting counsel for the pretrial investigating officer to serve thereafter as trial counsel in the same case and permitting the prosecutor himself to appear in his proper capacity at the pretrial investigation. In my opinion, the former must be considered disqualified to act thereafter as a member of the prosecution. Uniform Code of Military Justice, Article 27, 10 USC § 827; United States v Bound, 1 USCMA 224, 2 CMR 130; United States v Lee, 1 USCMA 212, 2 CMR 118. And see my separate opinion in United States v Young, 13 USCMA 134, 32 CMR 134, this day decided. The latter, however, acts in a capacity at the investigation no different from that of a United States District Attorney appearing at a preliminary hearing before the United States Commissioner. While no authority for such an appearance is to be found in the Uniform Code, it is not forbidden and could not be harmful to accused's substantial rights. Cf. United States v Mullican, 7 USCMA 208, 21 CMR 334. At the same time, it should be noted, as it was in the *Mullican* case, at page 211:

"... If, on the other hand, the services decide that some such proceedings—as distinct from those now provided—are desirable, they should be set up in an orderly fashion under the provisions of Article 36(a), Uniform Code of Military Justice, 50 USC § 611, or by way of amendment to the Code."

As I am also in agreement with the Chief Judge that the board of review's reassessment of the sentence cured the prejudice flowing from trial counsel's inflammatory argument; that the instructions of the law officer concerning the sentence were, on the whole, proper; and that an accused may be punished separately for the larceny of property and its subsequent sale or pledging to an innocent third party, I am able to join in the affirmance of the decision of the board of review.