UNITED STATES, Appellee

v

CHARLES M. KENDALL, Private,
U. S. Marine Corps, Appellant

17 USCMA 561, 38 CMR 359

No. 20,796
May 24, 1968

*Captain Peter B. Work,* USMC, argued the cause for Appellant, Accused.

*Lieutenant H. L. Moore,* USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel C. R. Larouche,* USMC.

Opinion of the Court

KILDAY, Judge:

Accused was arraigned before a general court-martial convened at Camp Pendleton, California, charged with desertion, absence without leave, and failure to obey straggler orders, in violation of Articles 85, 86, and 92, Uniform Code of Military Justice, 10 USC §§ 885, 886, and 892, respectively. He pleaded guilty to and was found guilty of all charges. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, total forfeitures, and confinement at hard labor for fifteen months. A board of review in the office of the Judge Advocate General of the Navy, one member dissenting, affirmed the findings of guilty and the sentence as reduced. The Judge Advocate General of the Navy has now certified two questions which will be hereafter stated.

These issues arise because of a pretrial proceeding utilized in this case. Specifically, the record shows that on the morning of July 12, 1967, the accused and counsel joined with the law officer, trial counsel, and a reporter, in a proceeding denominated as a "pretrial conference." Conspicuously absent were any and all members of the court. "Personnel of the pretrial conference" and the reporter were sworn although the record is silent as to who administered the oath. The law officer, at that time, announced:

"This pretrial conference will define and resolve such matters as interlocutory issues in these cases, resolve stipulations, consider motions, mark and determine the admissibility of evidence, and should either accused contemplate entering a plea of guilty at the time of trial, to inquire into the voluntariness and providency of such a plea."

Counsel for the accused offered no objection to this proceeding. In fact, he declared:

". . . we specifically requested this pretrial conference in order to expedite the proceedings. Not only to expedite the proceedings but also, hopefully, the court will be in a little better frame of mind when they come into court if they are not required to stand outside the court for long out-of-court hearings and be away from their duties."

Accused, in turn, acknowledged that he had discussed with counsel the purpose and scope of this meeting.

With procedural aspects thereafter satisfied, the inquiry turned to matters of pleading. The accused conceded that he intended to invoke a plea of guilty to all charges after being informed by the law officer:

"This is not a formal entering of a plea. This is not what we call an arraignment as such, but I need to know now, or would like to know now, what your pleas are going to be when the court is in here. Would you tell me this?"

In a subsequent exchange, the law officer further explained to Kendall the significance of pursuing such a course. At the same time, the terms and conditions of the pretrial agreement were examined in some detail. By way of an accompanying document, the accused admitted initiating the guilty plea arrangement both because he was guilty of these offenses and because he desired separation from the Marine Corps.

Also incorporated is a Government sponsored "Memorandum of Law on Pretrial Conferences" intended to pro-

vide legal justification for the pretrial procedure followed in this case.

This, in large part, portrays the substance and character of the pretrial proceeding finally terminated approximately one hour later.

Later that same day the court-martial was convened. On this occasion, only the court members and reporter were placed under oath. Then, copies of the charges and specifications were distributed. In turn, the law officer's call for challenges and motions received a negative response. Thereafter, Kendall, when bid, entered his plea of guilty. On the basis of pretrial revelations, it was accepted without further question.

For purposes of this case, we need go no further. Suffice it to note, the record of the pretrial proceeding is appended to the record of trial as an appellate exhibit.

Accordingly, we turn to the certified issues. They are:

(1) Was the board of review correct in holding that the pretrial conference proceedings did not prejudice the substantial rights of the accused?

(2) Did the failure to administer oaths to the law officer and counsel during the trial result in a failure of jurisdiction, where such oaths had been administered during the pretrial conference proceedings?

Briefly, appellate Government counsel carry the view that the pretrial format of this case falls within the range of permissible conduct by both counsel and the law officer, for regulation and other precedents contemplate pretrial activity directed toward fast and efficient disposition of justiciable issues. Except for the plea inquiries, the formula pursued here was indistinguishable from other matter on which counsel may confer together, or with the law officer. In this regard, there is no requirement that testing of providency of a plea be made in open court.

It is said that such a pretrial device benefits all parties by a more efficient administration of justice and by the assurance of a more amenable court-martial membership. Therefore, where the defense invites it, where a verbatim record is kept, and where no judicial finality attaches, such a course is considered legitimate.

Though there exists no special sanction for invocation of such a concept, it is contended that the court has authorizing power. Thus, while we have, in the past, declined to adopt such a standard (United States v Mullican, 7 USCMA 208, 21 CMR 334; United States v Robinson, 13 USCMA 674, 33 CMR 206), our attention is called to comparable Federal procedure (Rule 17.1,[1] Federal Rules of Criminal Procedure).

However, the claim is then made that even if the court decides to the contrary, Kendall suffered no prejudice for he consciously elected and pursued this mode of procedure. Consequently, if there be error, it was self-induced by defense and will not support an appeal.

In addition, the separate swearing of the law officer and counsel is believed by the Government to be devoid of jurisdictional error. Article 46(a) of the Uniform Code, supra, 10 USC § 846, provides that personnel of the court—including counsel and the law officer—be sworn in the presence of the accused. That requirement was met. Time when oaths are administered or the identity of the administrator is not determinative of juris-

---

[1] "At any time after the filing of the indictment or information the court upon motion of any party or upon its own motion may order one or more conferences to consider such matters as will promote a fair and expeditious trial. At the conclusion of a conference the court shall prepare and file a memorandum of the matters agreed upon. No admissions made by the defendant or his attorney at the conference shall be used against the defendant unless the admissions are reduced to writing and signed by the defendant and his attorney. This rule shall not be invoked in the case of a defendant who is not represented by counsel."

diction, United States v Robinson, supra, notwithstanding. The scope of that case does not extend to the present question. Because Manual provisions add nothing to statutory requirement that the court must be sworn in the accused's presence, they should not be given equal dignity.

Appellate defense counsel, on the other hand, sees two defects that make affirmance of Kendall's conviction impossible. One, jurisdictional in nature, is born of the failure to reswear the law officer and counsel after the court-martial convened. United States v Robinson, supra. The other comes from the failure of the law officer, at the trial proper, to again inquire into the providency of the guilty plea. This is considered a mandatory function of the law officer as distinguished from those matters considered within the prerogative of counsel.

Defense insists that continued flaunting of well-settled law, regardless of other considerations, requires reversal. Further, approval for the pretrial practice instituted in this case must come by way of legislative channels, as is now contemplated,[2] rather than by judicial fiat.

We are satisfied that Robinson, supra, is the pivotal case in this inquiry. There, as in this instance, the "officers" of the court were sworn outside the presence of the court members and before they were assembled. On the other hand, differences exist in that here the accused entered his plea at the court-martial proceeding while Robinson entered his plea in the earlier proceeding only.

In holding the latter conviction and sentence void, we said in Robinson, supra, at page 679:

". . . The Uniform Code of Military Justice makes implicit what is stated explicitly in the Manual. That is, a general court-martial exists when a quorum of the court and the law officer assemble and are respectively sworn. The swearing

of the one designated as law officer without the swearing of the members of the court does not constitute a general court-martial any more than swearing of the court members without the law officer constitutes such. Therefore, at the time of appellant's 'plea of guilty,' there was no legally convened court-martial."

Invalid is the argument that the law officer and court members need not be sworn together. The teaching of Robinson, supra, is otherwise for the requirements of that case are twofold. In sum, for a valid conviction, there must be a fully constituted court, properly convened, as well as an affirmative entry of a plea by the accused before a body so constituted. It was for this reason that we importuned in Robinson, at page 678:

". . . there is no authority under the Code for a law officer to proceed, individually and prior to the swearing of the members of the court, on any matter required of the court-martial."

One must be aware that this assertion is simply a manifestation of an earlier and broader appraisal that:

". . . Nowhere in the Code is there anything which could be construed as constituting the law officer as a court independent of the corporate body of the court-martial. Nor is there anything therein which authorizes the law officer—independently of the court-martial members and prior to their assuming the oath as such—to perform any of the functions of the court. To the contrary, Article 16(1), Uniform Code of Military Justice, 10 USC § 816, makes it abundantly clear that a properly constituted general court-martial requires both a law officer and 'not less than five members.' Manifestly, the law officer cannot take the place of such requisite members." [Id., at page 678.]

In the presence of these circumstances, we must also reiterate:

". . . No action or lack of action by an accused can give juris-

[2] H. R. 12705, 90th Congress, 1st Session; S. 2009, 90th Congress, 1st Session.

diction therefor nor constitute a waiver of the procedure ordained by statute." [*Id.*, at page 678.]

Inevitably, where the guilty plea is not entered before a properly constituted body, the findings stand unsupported and must be set aside. A test for prejudice is incompatible with the error committed.

United States v Mullican, supra, offered for a contrary result, is a case clearly distinguishable. In that instance, a hearing prior to trial was convened for the purpose of assessing the admissibility of certain prosecution exhibits. However, at trial, with Government counsel as the conduit, these exhibits were read into the record and thereafter accepted by all parties as having been received into evidence. By virtue of these facts, their contents were considered before the court. The *Mullican* court-martial was, therefore, an independent whole without need of being fortified by a pretrial assembly. Even so, in *Mullican*, we placed no imprimatur on the pretrial procedure as such. Instead, we observed:

". . . that such procedure has not been provided for in criminal practice in general nor by the Code or Manual in particular. If, on the other hand, the services decide that some such proceedings—as distinct from those now provided—are desirable, they should be set up in an orderly fashion under the provisions of Article 36(a), Uniform Code of Military Justice, 50 USC § 611, or by way of amendment to the Code." [7 USCMA, at page 211.]

We are enduring in this view. The recent creation of comparable provisions in the Federal Rules of Criminal Procedure; cited and relied on by the Government, contrarily demonstrate to our satisfaction the complete need for, and dependence on, legislative inducement in bringing about these desired changes. Significantly, in the Federal system, such pretrial practice did not come about until the Supreme Court had invoked its rule-making power.

For the reasons thus stated, the first certified issue is answered in the negative. The second certified issue is answered in the affirmative.

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. A new trial may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

In United States v Singletary, 14 USCMA 146, 33 CMR 358, I indicated that, in my opinion, the failure to administer the oath to a person required to be sworn at trial was not reversible error in the absence of appropriate objection. See also Wilcoxon v United States, 231 F2d 384 (CA10th Cir) (1956), certiorari denied, 351 US 943, 100 L Ed 1469, 76 S Ct 834 (1956). I adhere to that opinion.

As to the pretrial conference, I am certain it does not fall within the condemnation of United States v Robinson, 13 USCMA 674, 33 CMR 206. According to the decision in that case, the fatal defect in the trial was the fact that the accused's plea was entered only in the pretrial conference. That is not true here. The plea of guilty was entered in open court before the court members. Moreover, all the matters taken up in the pretrial conference were matters properly considered only by the law officer.

In United States v Fry, 7 USCMA 682, 686, 23 CMR 146, we held that the law officer "can ask counsel to inform him of the issues that may be raised at trial." The pretrial conference in this case was intended to serve that purpose. It was "specifically requested" by defense counsel, who contemplated that it would be beneficial to the accused. Nothing that transpired at the conference was detrimental to the accused. At trial, defense counsel reiterated his agreement "on matters resolved" in the conference, and the transcript of the conference was appended as an appellate exhibit to the record of trial. By clear implication, therefore, the proceedings at the pretrial conference were incorporated into the record of trial, and

became part of the trial proceedings. In effect, the parties stipulated to the facts. I discern no harm to the accused or to the court-martial system as a result of what took place.

I would answer the first certified question in the affirmative and the second in the negative, and affirm the decision of the board of review.