# UNITED STATES

### v.

**Anthony C. McIVER, 228 84 7338, Private First Class E–2 U. S. Marine Corps.**

### NCM 77 1657.

U. S. Navy Court of Military Review.

Sentence Adjudged 13 March 1977.

Decided 17 March 1978.

LT Philip G. Cohen, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, BAUM and MALLERY, JJ.

MALLERY, Judge:

At a special court-martial bench trial, appellant was convicted of three specifications of larceny, one specification of breaking restriction, and one specification of unauthorized absence. He had pleaded guilty to all of the offenses, except one specification of larceny, to which he had pleaded not guilty. He was sentenced to a bad conduct discharge, confinement at hard labor for 2 months, forfeiture of $249.00 pay per month for 2 months, and reduction to pay grade E-1. Pursuant to the terms of a pretrial agreement, the convening authority approved the findings and sentence, but suspended the bad conduct discharge. The supervisory authority approved the findings and the sentence as approved and partially suspended by the convening authority.

Now, appellant assigns the following errors:

I. THE MILITARY JUDGE ERRED IN DENYING DEFENSE COUNSEL'S MOTION TO SUPPRESS THE EVIDENCE BECAUSE OF AN UNLAWFUL SEARCH, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT.

II. THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT WAS GUILTY OF SPECIFICATION 1 OF CHARGE III.

We will discuss said assignments seriatim.

I

At trial, the trial defense counsel moved to suppress the evidence obtained as the result of two allegedly illegal searches and seizures. The evidence consisted of the products of the two larcenies to which ap-

pellant later pleaded guilty. After entertaining brief arguments on the issue, but hearing no evidence regarding the searches and seizures, the military judge denied the motion. He based his denial solely on the ground that paragraph 152, *Manual for Courts-Martial, United States, 1969* (Revised edition), (hereafter referred to simply as "paragraph 152"), expressly prohibits military judges from ordering the suppression of evidence. Now, appellant claims, as he did at trial, that the provision contained in paragraph 152 is unconstitutional because, he argues, he should not have been forced to decide how to plead prior to litigating the admissibility of the evidence in question.

Prior to 1968, appellant's argument as regards the constitutionality of the specified portion of paragraph 152 may have had some merit. Prior to that time, there was no procedure by which a military judge could rule on the admissibility of evidence before arraignment and the receipt of the accused's pleas. Before the passage of the Military Justice Act of 1968, there was no procedure in military law comparable to the pretrial conference of federal practice. Fed.R.Crim.P. 17.1. No method existed for holding the arraignment, receiving the accused's pleas, or ruling on motions prior to convening the entire court. *See United States v. Kendall*, 17 U.S.C.M.A. 561, 38 C.M.R. 359 (1968); *United States v. Robinson*, 13 U.S.C.M.A. 674, 33 C.M.R. 206 (1963).

In 1968, a significant change in military trial procedure was effectuated. The Military Justice Act of 1968, amended, *inter alia*, Article 39, UCMJ, to authorize a military judge to call a court-martial into session, without the members being present, at any time after the charges had been referred for trial. These sessions have become known as "Article 39(a) sessions." At a preliminary Article 39(a) session, a military judge may, in general, consider any matter that does not require the presence of the members of the court-martial. We need not enumerate here the many and various matters that he may consider at such a session. However, we have concluded that he may decide questions concerning the admissibility of evidence, such as the fruits of a search and seizure. The relevant language of Article 39(a), UCMJ, is as follows:

At any time after the service of charges which have been referred for trial to a court-martial composed of a military judge and members, the military judge may . . . call the court into session without the presence of the members for the purpose of . . . *hearing and determining motions raising . . . objections which are capable of determination without trial of the issues raised by a plea of not guilty . . .* [and] . . . performing any other procedural function which may be performed by the military judge . . . and which does not require the presence of the members of the court. [Emphasis added].

It has not been completely clear by what precise mechanism the issue of the admissibility of evidence is raised at an Article 39(a) session. In the practice of military law, there are only two types of pre-assembly motions expressly recognized: (1) a motion to dismiss; and (2) a motion for appropriate relief. Paragraphs 68 and 69 of the *Manual, supra*. As appellant correctly points out, paragraph 152, *supra*, in the following terms, expressly prohibits the use of motions to suppress evidence:

Military courts have no authority . . . to entertain a motion for or to order the suppression for use as evidence of property or information so obtained [as a result of an unlawful search or seizure], as distinguished from ruling as to whether or not it is admissible against the accused.

Thus, there appears to be a conflict between the provisions of Article 39(a), UCMJ, and of paragraph 152. The pertinent portion of paragraph 152 remains the same as it was originally worded in the *Manual for Courts-Martial, United States, 1951*. Although, it should be noted that the following sentence in paragraph 152 of the 1951 *Manual* was omitted from the same paragraph of the 1969 *Manual*:

Consequently, an objection to the use of evidence on the ground that it was illegally obtained, or on the ground that it was obtained through information supplied by illegally obtained evidence, is properly made at the time the prosecution attempts to introduce the evidence. The probable reason for the omission from the 1969 *Manual* of the sentence quoted above will become apparent.

As has been noted above, when motions to suppress evidence were first prohibited in the original *Manual for Courts-Martial,* there was no provision for a pretrial conference in military trial procedure. With the passage by Congress of the Military Justice Act of 1968, the Article 39(a) session was born. By Executive Order 11476 of 19 June 1969, the President prescribed the *Manual for Courts-Martial, United States, 1969* (Revised edition), to implement the changes in the Uniform Code of Military Justice. The omission from the 1969 *Manual* of the above-quoted sentence was almost certainly intended to allow the military judge to rule on the admissibility of the evidence before "the time the prosecution attempts to introduce [it]." *United States v. Mirabal,* 48 C.M.R. 803, 805 (A.C.M.R. 1974). Unfortunately, the amendment of paragraph 152 did not go far enough. There is still a fundamental conflict.

According to the strict terms of paragraph 152 as it presently reads, a military judge may not entertain a motion for or order the suppression of evidence. He may only rule as to whether or not it is admissible. However, Article 39(a) gives a military judge the power of "hearing and determining motions raising . . . objections" at Article 39(a) pre-assembly sessions. We interpret Article 39(a) to mean that a military judge may rule on the admissibility of evidence prior to arraignment and the receipt of an accused's pleas. Further, we are aware of numerous instances since the birth of the Article 39(a) session where military judges have routinely done just that. *See United States v. Carver,* 37 C.M.R. 610, 616 (A.B.R. 1967), *citing United States v. Hamil,* 15 U.S.C.M.A. 110, 35 C.M.R. 82 (1964);

*United States v. Dusenberry,* 23 U.S.C.M.A. 287, 49 C.M.R. 536 (1975); *United States v. Patton,* 46 C.M.R. 1207, 1210 (N.C.M.R. 1973); and *United States v. Mirabal, supra.* However, as we have noted above, the precise mechanism for accomplishing this has been uncertain. In the cases of *Patton,* and *Mirabal,* this Court and the Army Court of Military Review both concluded that military judges have the power to rule on the admissibility of Government evidence before such evidence is offered and prior to pleas being entered. However, both courts refrained from holding that the device to be used to accomplish this was, in fact, a motion to suppress evidence. Neither court faced the apparent conflict between Article 39(a), UCMJ, and paragraph 152.

That there is a way to rule on the admissibility of evidence before it is offered is apparent. Obviously, the procedural device used cannot be a motion to dismiss, since that is not the remedy requested. Likewise, the device used cannot be a simple objection, since an objection to the admission of evidence cannot be made until after the evidence is offered. For want of a better term, we could denominate the device a "motion for appropriate relief in the nature of a motion to suppress evidence." However, we prefer to call the device what it is, a "motion to suppress evidence." We hold that a military judge may, at an Article 39(a) session, held prior to arraignment and receipt of an accused's pleas, entertain a motion for and order the suppression of Government evidence against the accused.

The fundamental conflict between Article 39(a) and paragraph 152 must be resolved in favor of Article 39(a). Where the provisions of the Uniform Code of Military Justice are in conflict with the provisions of the *Manual for Courts-Martial,* the provisions of the Code must prevail. *United States v. Ware,* 24 U.S.C.M.A. 102, 51 C.M.R. 275, 1 M.J. 282 (1976).

Despite the common practice of ruling on the admissibility of Government evidence against an accused at a pre-arraignment Article 39(a) session, the military judge in this case believed that he could not

do so. His belief was founded on a strict interpretation of paragraph 152 and a failure to appreciate the full impact of Article 39(a). The military judge was in error when he refused for the reason given to entertain appellant's motion. It is clearly within the discretion of a military judge as to whether or not he entertains a motion to suppress evidence at a pre-arraignment Article 39(a) session. *United States v. Patton, supra; United States v. Mirabal, supra.* However, in this case the military judge did not intelligently exercise such discretion. Rather, he refused to entertain the motion for the wrong reason, because he erroneously believed that he did not have the power to do so. The question remains however, whether or not appellant may now be heard to complain of the military judge's error. We believe not.

■ It is now nearly axiomatic that a voluntary plea of guilty waives non-jurisdictional defects occurring in earlier stages of the trial. *Howard v. United States,* 420 F.2d 478 (5th Cir. 1970); *United States v. Lopez,* 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970); *United States v. Rehorn,* 9 U.S.C.M.A. 487, 26 C.M.R. 267 (1958); *United States v. Patton, supra; United States v. Mirabal, supra.* The Court of Military Appeals has consistently held that a plea of guilty following the denial of a motion to suppress evidence waives the right to a review of that ruling on appeal. *United States v. Johnson,* 20 U.S.C.M.A. 592, 44 C.M.R. 22 (1971); *United States v. Hamil, supra; United States v. McIntosh,* 43 C.M.R. 574 (A.C.M.R. 1970), *pet. denied,* 20 U.S.C.M.A. 689, 43 C.M.R. 413 (1971); *United States v. Jupiter,* 41 C.M.R. 684 (A.C.M.R. 1969), *pet. denied,* 19 U.S.C.M.A. 614, 41 C.M.R. 403 (1970); *United States v. Rosenfeld,* 40 C.M.R. 494 (A.B.R. 1969); *United States v. Geraghty,* 40 C.M.R. 499 (A.B.R. 1969). Additionally, there is no requirement that a military judge advise the accused that such a waiver will ensue as a consequence of his plea of guilty. *United States v. Mirabal, supra.* We hold that appellant's provident pleas of guilty waived any right he might have had to a review of the military judge's ruling on the motion to suppress evidence.

We would be remiss if, in view of our holding in this case, we were to say nothing about the general advisability of military judges entertaining motions to suppress evidence at pre-arraignment Article 39(a) sessions. As indicated, *supra,* it is the holding of this case that a military judge has the power to entertain such motions and that it is within his sound discretion whether or not he does so in a particular case. However, to hold in that way says nothing about whether or not a military judge should entertain such a motion in a particular case. It is the opinion of the author judge that a military judge should do so in most cases. Whether or not an accused has a pretrial agreement in a particular case, issues concerning the admissibility of Government evidence against him can have a direct impact on the providency of his pleas. It is, in general, desirable that an accused be able to litigate the admissibility of Government evidence against him before deciding whether or not he will plead guilty.

It must be noted that appellate defense counsel argues that paragraph 152 is unconstitutional because it prohibits a military judge from ruling on the admissibility of Government evidence during a pre-arraignment Article 39(a) session, to the substantial prejudice of the accused. In view of our holding that the relevant portion of paragraph 152 falls because it is in conflict with Article 39(a), we need not decide the constitutional issue. Assignment of Error I is rejected.

## II

■ Appellant argues that the Government failed to prove beyond a reasonable doubt his guilt of the one specification of larceny to which he pleaded not guilty. We disagree. Appellant does not deny that the evidence proves beyond a reasonable doubt that the tape recorder in question was stolen by someone from the ship's store. Similarly, appellant does not deny, and the evidence is convincing beyond a reasonable doubt, that appellant sold the stolen tape

recorder to Lance Corporal Cobrera-Gomez, who later, upon discovering the item was stolen, returned it to the proper authorities. Appellant has never explained his possession of the recently stolen tape recorder. We presume, as we are allowed to do, that appellant stole it. *United States v. Sparks*, 21 U.S.C.M.A. 134, 44 C.M.R. 188 (1971). We are convinced beyond a reasonable doubt that appellant is guilty of specification 1 of Charge III. Assignment of Error II is without merit.

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge DUNBAR and Judge BAUM concurring.

BAUM, Judge (concurring):

I concur with the holding and views expressed in the majority opinion, save one, from which I must disassociate myself. Judge Mallery, while stating that the entertainment of a motion to suppress is within the sound discretion of the military judge, goes on to opine that judges should entertain such motions in most cases because it is, in general, desirable for an accused to litigate the admissibility of evidence before deciding how he will plead. I disagree with the expression of favor for such motions and the reason therefore. I believe the matter should be left solely within the sound discretion of each trial judge uninfluenced by views from this Court that such motions should be entertained in most cases. While possibly desirable from an accused's viewpoint to litigate the admissibility of evidence before pleading, it may be highly undesirable for the Government and the judge, for any number of reasons, including duplication of time and effort if the same witnesses must be called at two stages of the trial instead of one. The judge must weigh the competing reasons in each case before deciding whether it is appropriate to hear the motion or not. It is, therefore, impossible to say whether the facts in most cases will favor entertaining the motion. I, personally, do not believe an accused, who has agreed to plead guilty in return for an unconditional promise from the convening authority with respect to the sentence, should be able to force the Government to call witnesses on evidentiary matters bearing on the merits, just as if he were pleading not guilty. If he loses on the motion, after the Government puts on its case, he can then plead guilty and reap the sentence benefits of his pretrial agreement. To me this is inconsistent with the aims of the negotiated plea and, legitimately, bears consideration by the judge in deciding whether or not to entertain a motion to suppress evidence.

DUNBAR, Senior Judge (concurring):

I concur. I also agree with Judge Baum in his concurring opinion that we should not lay out the rule that preliminary motions should be entertained in "most cases". I believe that such determinations should be made solely on an individual basis by the military judge depending on the circumstances of each case, and, as Judge Baum states, the fact that a pretrial agreement exists can and should be considered by the judge in making this determination.