UNITED STATES

v.

**Airman Basic Don J. SHOWS, Jr., FR 454–19–6107, United States Air Force.**

**ACM S24611.**

U. S. Air Force Court of Military Review.

28 Aug. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

The accused was found guilty of wrongfully possessing 61 grams of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to be discharged from the service with a bad conduct discharge.

Appellate defense counsel have asserted seven assignments of error. That which is discussed below, alleging the trial counsel improperly commented on the accused's failure to call additional mitigation witnesses, is meritorious and requires reassessment of the sentence. The remaining assignments of error are without merit or were discussed in the review of the staff judge advocate and properly resolved adversely to the accused.

The Government called no witnesses during the sentencing portion of the trial, but introduced evidence of the accused's recent civilian conviction for larceny as well as a punishment under Article 15, Code, 10 U.S. C. § 815, supra, for failure to go to his appointed place of duty. Due to his short period of active duty, the accused had not received an Airman Performance Report. The defense chose to place evidence of duty

performance before the Court through the accused's own testimony and that of a career advisor who had previously worked with him. When the trial judge asked the court members if there were any other witnesses they would like to have called, the president asked if the squadron commander or the maintenance supervisor would be called, but did not request they be called as witnesses.

During his sentencing argument, trial counsel made the following comments that are asserted as error by appellate defense counsel:

> As there has not been an[y] information from people directly related to him in his squadron duties or his immediate supervisor, or his squadron commander, there has been nothing to indicate that this accused has worth to the United States Air Force.
>
> .  .  .  .  .
>
> His squadron commander did not come forward, no one who directly supervises his work has come forward.
>
> .  .  .  .  .
>
> Will you be prepared to accept him in your organization in light of his failure to present supervisors that can at least have something good to say about his duty performance. There have been no direct supervisors indicating he has performed well. So we have an individual whose performance as an Air Force member on duty is apparently less than outstanding.

■ Counsel are limited in their arguments to evidence in the record and to such fair inferences as may be drawn therefrom. *United States v. Nelson*, 1 M.J. 235 (C.M.A. 1975); *United States v. King*, 12 U.S.C.M.A. 71, 30 C.M.R. 71 (1960); *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). The ethical standards applicable to those who practice before courts-martial also prohibit reference to an argument based upon facts outside the record. ABA Standards, The Prosecution Function, § 5.7 (1971). See also ABA Code of Professional Responsibility, DR 7–106(C)(1).

■ The clear implication of the trial counsel's argument is that the accused's squadron commander and supervisor would testify that the accused's duty performance was unsatisfactory. There is no evidence of this in the record and to imply that other evidence unfavorable to an accused is available, without actually presenting such evidence, is clear error. *United States v. Cordero*, No. 22357 (A.F.C.M.R. 9 June 1978); *United States v. Sitton*, 4 M.J. 726 (A.F.C.M.R.1978). Trial counsel's comments were completely unjustified and approached a violation of the ABA Standard, The Prosecution Function, § 5.7 (1971).

■ Appellate government counsel argue that even if the trial counsel's comments were improper, the trial defense counsel's failure to object constitutes a waiver which precludes the accused from raising this issue on appeal; citing *United States v. Neal*, 11 U.S.C.M.A. 723, 31 C.M.R. 309 (1962) and *United States v. Doctor*, supra. In more recent cases, however, the Court of Military Appeals has shifted the primary responsibility for precluding improper argument from the defense counsel to the trial judge. See *United States v. Shamberger*, 1 M.J. 377 (C.M.A.1976); *United States v. Nelson*, supra. When it is apparent that improper comments in counsel's argument are prejudicial to the accused, it becomes the duty of the trial judge to interrupt the argument and *sua sponte* give necessary cautionary instructions to the court members. Under the circumstances of this case, the trial judge's failure to interrupt the argument and so instruct the court members was error. *United States v. Knickerbocker*, 2 M.J. 128 (C.M.A.1977).

■ Reassessment of the sentence is the appropriate remedy for the prejudice resulting from the trial counsel's remarks. *United States v. Kirby*, 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967); *United States v. Sitton*, supra; *United States v. Carrier*, 50 C.M.R. 135 (A.F.C.M.R.1975); *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977). Upon reassessment we find it appropriate to lessen the severity of the sentence by approving the following punishment:

To forfeit $100.00 per month for three (3) months.

*United States v. Prow*, 13 U.S.C.M.A. 63, 32 C.M.R. 63 (1962); *United States v. Davis*, 31 C.M.R. 486 (C.G.C.M.R.1962).

The findings of guilty and the sentence, as modified, are

AFFIRMED.

EARLY, C. J., and HERMAN and OR-SER, JJ., concur.