UNITED STATES

v.

John H. LILLIE, 478 40 7149, Mess Management Specialist First Class (E-6), U. S. Navy.

NCM 77 1066.

U. S. Navy Court of Military Review.

Sentence Adjudged 28 Sept. 1976.

Decided 20 March 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

Pursuant to the provisions of Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, the record of proceedings in this case was forwarded by the Judge Advocate General for review by this Court. Attention was invited to the following issue:

I

WAS THE ARTICLE 32 PRETRIAL IN-VESTIGATION PROPERLY CON-VENED (UNITED STATES V. DON-ALDSON, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975))?

Appellate defense counsel in his brief also raised a second issue:

II

THERE IS NO PROOF IN THE REC-ORD THAT A COPY OF THE STAFF JUDGE ADVOCATE'S POST–TRIAL REVIEW WAS SERVED ON DEFENSE COUNSEL; THEREFORE, THE RE-QUIREMENTS OF *UNITED STATES V. GOODE*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975) WERE NOT SATIS-FIED.

I

The Article 32 pretrial investigation in this case was convened by Commander Submarine Squadron Two (ComSubRon Two). Appellant, at the time the Article 32 investigation order was executed (2 March 1976), was stationed at the Naval Air Station, Glenview, Illinois. The alleged offenses which were the subject of the investigation, involving the failure to keep proper records resulting in the negligent loss of over $20,-000 in food supplies, occurred while appellant was attached to the USS TULLIBEE (SSN–597), a submarine under the command of Commander Submarine Squadron Two. The allegedly improper record keeping occurred over an extended period of time until on or about 15 October 1974. Appellant was transferred on normal permanent change of station orders to Naval Air Station, Glenview, in April of 1975. An informal investigation convened in accordance with the Manual of the Judge Advocate General (JAGMAN) was convened on 8 August 1975 by ComSubRon Two, after appellant's transfer. The investigation report was submitted by the investigating officer on 24 September 1975. In his endorsement on the JAGMAN investigating officer's report dated 9 February 1976, Commander Submarine Force Atlantic (ComSubLant) requested ComSubRon Two to convene an Article 32 investigation into appellant's involvement. He did so, and contemporaneously directed the Article 32 investigator to advise him when he was ready to commence the investigation so that arrangements could be made with the Naval Air Station, Glenview, for appellant's presence. Commander Submarine Squadron Two, by message on 25 March 1976, requested Naval Air Station, Glenview, to transfer appellant, and in response thereto appellant was transferred on temporary additional duty orders to ComSubRon Two on 30 March 1976, arriving on 31 March 1976. The investigation actually commenced on 8 April 1976. On 2 April 1976, a second appointment letter referencing the prior appointment forwarded by ComSubRon Two's letter of 4 March, directed investigation of additional charges, not previously preferred.

Appellant contends that the pretrial investigation was a nullity because Commander Submarine Squadron Two did not exercise Article 15 authority or summary court-martial jurisdiction over appellant at the time he convened the Article 32 pretrial investigation on 2 March 1976. *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975). We do not consider that *Donaldson* compels that conclusion.

In *United States v. Donaldson*, the accused was a Marine Corps Major. The officer-in-charge of his unit ordered an Article 32 investigation into allegations that Major Donaldson had violated currency regulations in Vietnam. At trial the defense objected to the Article 32 investigation, contending that the officer who directed it lacked lawful authority and consequently it had no "operative legal effect." The objec-

tion was overruled. Both this Court and the Court of Military Appeals concluded that the officer-in-charge had neither Article 15 nor summary court-martial authority over Major Donaldson and thus the officer-in-charge was not empowered to order an Article 32 investigation. The Court of Military Appeals held that, even though the defect was not apparently prejudicial to the accused, upon his objection, he was entitled to judicial enforcement of his right, without regard to whether such enforcement would benefit him at trial, citing *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958).

█ The officer-in-charge of Major Donaldson, by statute, Articles 20 and 15, UCMJ, had neither summary court-martial nor Article 15 authority over officers, even those attached to his command. Commander Submarine Squadron Two is statutorily empowered to convene summary court-martial by virtue of Article 24, UCMJ, read in conjunction with Article 23, UCMJ, as implemented by Section 0103 JAG Manual. The jurisdiction of summary courts-martial so appointed extends to trying persons subject to the Uniform Code of Military Justice. The exceptions to that general grant of jurisdiction to try persons subject to the Uniform Code of Military Justice, detailed in Articles 20 and 17, UCMJ, do not serve to limit jurisdiction over an enlisted man of the same armed force. Commander Submarine Squadron Two, at the time he convened the Article 32 investigation, although not the commander who would ordinarily exercise summary court-martial jurisdiction over the appellant, was not restricted in his power to convene a summary court-martial which would have jurisdiction over appellant. Thus the situation here is distinguishable from the *Donaldson* case where the officer who ordered the Article 32 investigation statutorily was precluded from exercising either Article 15 or summary court-martial authority over the officer being investigated.

We need not, and do not, predicate our decision on the fine distinction which establishes technical summary court-martial jurisdiction by ComSubRon Two over appellant at the time he appointed the Article 32 investigation. Despite this fact, appellant was not, "of his command" on 2 March, when the investigation was ordered. The record, however, furnishes abundant support for the logic of the investigation being ordered by ComSubRon Two and appellant's amendability to the investigation when it actually was conducted. The witnesses, the evidence, the situs of the alleged offenses, and the overriding interest in the outcome of the investigation and the disposition of charges were in the area where ComSubRon Two exercised command.

On the effective date of the investigation, that is when the investigation was actually conducted, appellant was attached to ComSubRon Two on temporary additional duty orders. Appellant's assignment, to ComSubRon Two, for purposes of the investigation, was anticipated in the time frame of the ordered investigation. The investigating officer was directed, by a separate letter dated 4 March 1976, which also forwarded the order appointing the pretrial investigation, to advise ComSubRon Two when he would be ready to proceed so that appellant's transfer could be requested from Naval Air Station, Glenview. Appellant's assignment was requested and honored so that he was physically present and attached to ComSubRon Two at least a week before the investigation commenced. We further conclude that ComSubRon Two's second letter of 2 April 1976, after appellant's attachment to his command, referencing his order convening the investigation, provided solid ratification of that prior action when there was no question that he exercised summary court-martial and Article 15 authority over appellant as a member of his command.

We therefore concluded that the Article 32 investigation in this case was properly convened.

## II

█ We have considered the evidence of record and are satisfied that it establishes service, required by *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3

(1975), of the staff judge advocate review upon both counsel who represented appellant at trial. Both had been released from active duty before the review was completed. There is correspondence between the staff judge advocate and both counsel concerning the review, a request for additional time in which to prepare the *Goode* response and a copy of a letter from the staff judge advocate to counsel, consistent with each counsel's expressed desires, representing that two copies of the staff judge advocate's review had been forwarded thereby. *United States v. Hill*, 3 M.J. 295 (C.M.A. 1977) did not prescribe a formal procedure for service of post-trial reviews. The Court of Military Appeals specifically declined to do so. Although the proof of service in this case could have been more compelling, we are satisfied that counsel did receive copies of the review, as the copy of the letter from the staff judge advocate to counsel, dated 1 day after the review, purports.

The findings and sentence as approved on review below are affirmed.

Judge ROOT and Judge GREGORY concur.