**UNITED STATES**

v.

**Michael Lynn LAHMAN, 493 62 4237, Aviation Machinist's Mate Third Class (E–4), U. S. Navy.**

**NMCM 81 1487.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 Nov. 1980.

Decided 9 Sept. 1981.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and SANDERS, JJ.

CEDARBURG, Chief Judge:

Appellant, pursuant to his guilty plea, was convicted at a general court-martial, military judge alone, of possessing approximately five pounds of marijuana, contrary to Article 1151, *U. S. Navy Regulations (1973)*, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 892. The Charge was referred by Commander, U. S. Naval Forces, Philippines, who is authorized to convene a general court-martial by Article 22, UCMJ, 10 U.S.C.A. § 822. Appellant asserted by motion at trial and now on review that his trial should have been convened by Commander, U. S. Naval Base, Pearl Harbor, Hawaii, because his permanent unit, Patrol Squadron Four, a "mobile unit", was located at U. S. Naval Air Station, Barber's Point, Hawaii, at the time the Charge, which had been investigated at U. S. Naval Station, Subic Bay, Philippines, was forwarded recommending trial by general court-martial.

Appellant was apprehended for the above offense on or about 1 April 1980, while attached to Patrol Squadron Four, which was deployed to U. S. Naval Support Facility, Diego Garcia. He was subsequently assigned, pending disciplinary action, to U. S. Naval Station, Subic Bay, Philippines, on 3 April 1980 for temporary additional duty (TAD). Patrol Squadron Four completed its deployment and returned to its home base, U. S. Naval Air Station, Barber's Point, Hawaii, and was located there on 10 October 1980 when the Charge was forwarded to Commander, U. S. Naval Forces, Philippines, the commander exercising general court-martial jurisdiction over that geographic area. When the Charge was forwarded, appellant's TAD at Naval Station, Subic Bay, was still in effect.

JAGMAN § 0116d(1) provides in pertinent part as follows:

*General court-martial cases.* When a commanding officer, in taking action on charges, deems trial by general court-martial to be appropriate, but he is not authorized to convene such court or finds the convening of such court impracticable, the charges and necessary allied papers will, in the absence of specific direction to the contrary by an officer authorized to convene general courts-martial and superior in the chain of command to such commanding officer, be forwarded to the area coordinator actively exercising general court-martial jurisdiction. For mobile units, the area coordinator for the above purposes is the area coordinator most accessible to the mobile unit at the time of forwarding of the charges.

COMNAVAIRPACINST 5440.15E § 2202a (1) (9 June 1977) further provides:

When a general court-martial is considered appropriate, commanding officers shall, pursuant to Article 33, UCMJ, and Section 0116 JAG Manual, forward the charges, investigation and allied papers recommending trial by general court-martial to the GCM authorities, as follows:

. . . .

(d) Commands located at Barber's Point, Hawaii, and Midway Island, forward to COMNAVBASE Pearl Harbor.

■ The preceding regulations indicate that had appellant been on board his unit at Barber's Point, Hawaii, the proper general court-martial convening authority for his commanding officer to have forwarded this Charge would have been Commander, U. S. Naval Base, Pearl Harbor, Hawaii. Appellant, however, had been assigned TAD pending disciplinary action to U. S. Naval Station, Subic Bay, Philippines, when the Charge was forwarded. Bureau of Naval Personnel Manual, paragraph 1810100.3, states that:

> Temporary additional duty orders are orders which assign a member to temporary duty in addition to his present duties, and which direct him upon completion of this temporary additional duty to resume his regular or temporary duty. . . . Personnel on temporary additional duty remain attached to the station from which they initially proceeded on temporary additional duty, as well as being subject to the command of each commanding officer to whom they may report for temporary additional duty.

Appellant, therefore, by virtue of his TAD status, was not only attached to his unit at Barber's Point, Hawaii, but was assigned to another command in Subic Bay, Philippines. Commander, U. S. Naval Forces, Philippines, clearly exercised general court-martial authority over personnel assigned permanently or temporarily to the U. S. Naval Station, Subic Bay. Under the circumstances, as noted by the military judge, (R. 14), Subic Bay, Philippines, was the logical location to convene the court-martial because the witnesses, the evidence, the situs of the alleged offenses, and the overriding interest in the disposition of the Charge were within the geographic area where Commander, U. S. Naval Forces, Philippines, exercised area coordination of disciplinary matters. JAGMAN § 0116d(1), cited by appellant, likewise expresses concern for area coordinated action in regards to disciplinary matters in its direction that Charges be forwarded to the general court-martial convening authority "most accessi-

ble" to the accused's mobile unit. The intent to provide flexibility for all of the above reasons, involving mobile units, by referral of cases to the "most accessible" general court-martial convening authority would be frustrated by the interpretation appellant seeks and would defy common sense.

■ Even if we were to conclude that the referral in this case by Commander, U. S. Naval Forces, Philippines, was error, such error would be waived by appellant's guilty plea because it is based, at most, on improper venue and not on a jurisdictional defect.

■ It is mandatory that jurisdictional requirements be complied with for an accused has the constitutional right "to have his case heard in a forum of competent jurisdiction or not at all." *United States v. Barefield*, 1 M.J. 962, 963 (N.C.M.R.1976). The Court of Military Appeals, relying upon *McClaughry v. Deming*, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902), and *Runkle v. United States*, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887), held that no action or lack of action by an accused can waive the jurisdictional requirements for convening a court-martial. *United States v. Robinson*, 13 U.S.C.M.A. 674, 678, 33 C.M.R. 206, 210 (1963). All failures to follow prescribed procedure in the reference of charges to trial, however, are not jurisdictional defects. *See, e. g., United States v. Simpson*, 16 U.S.C.M.A. 137, 36 C.M.R. 293 (1966); *United States v. Achuff*, 47 C.M.R. 571 (N.C.M.R.1973). Improper venue is not a jurisdictional defect for "[v]enue relates not at all to jurisdiction but to the place or forum where the action may be brought." *International Business Coordinators, Inc. v. Aamco Automatic Transmissions, Inc.*, 305 F.Supp. 361, 364 (S.D.N.Y.1969), citing 1 MOORE's FEDERAL PRACTICE, paragraph 0.140 [1.2], at 1319–1320 (2d ed. 1964). *See, e. g., Farmers Elevator Mutual Insurance Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7 (8th Cir. 1965); *Japan Gas Lighter Association v. Ronson Corporation*, 257 F.Supp. 219 (D.N.J.1966).

■ Paragraph 8, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), states that "[t]he jurisdiction of a court-martial—its

power to try and determine a case—and hence the validity of its judgments, is conditioned upon the following requisites: That the court was convened by an official empowered to convene it. . . ."[1] In the instant case there is no question as to the authority of Commander, U. S. Naval Forces, Philippines, to convene a general court-martial pursuant to Paragraph 8, MCM. The only arguable contention is whether the "proper" general court-martial convening authority convened this court-martial. Thus, appellant's assignment of error alleges improper venue and not a jurisdictional defect and his guilty plea, which waives all non-jurisdictional defects occurring in the earlier stages of the court-martial, *see, e. g., United States v. Lopez,* 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970); *United States v. McIver,* 4 M.J. 900 (N.C.M.R.1978), negates any defect in venue.

Accordingly, the findings and sentence as approved on review below are affirmed.

Judge SANDERS concurs.

Judge BAUM (absent).

---

1. In his brief, appellant erroneously concludes that the judicial function of convening a court-martial "requires the attention and concern of a particular individual." Paragraph 8, MCM, does not speak in terms of a particular person, but of a person empowered to convene a general court-martial. Furthermore, the authority of a convening authority "is not personal in nature, but constitutes a part of the function of the office he occupies." *United States v. Williams,* 6 U.S.C.M.A. 243, 245–46, 19 C.M.R. 369, 371–72 (1955); *United States v. Crawford,* 46 C.M.R. 1007, 1008 (A.C.M.R.1972).