**UNITED STATES**

v.

**Francis S. TALTY, 075 54 8455, Machinist's Mate Third Class (E–4), U.S. Navy.**

**NMCM 82 3268.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged Feb. 12, 1982.

Decided April 30, 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT Jerome A. Busch, JAGC, USNR, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, Senior Judge, and KERCHEVAL and LECORNU, JJ.

LECORNU, Judge:

This case is before this Court for a second time, on remand from the United States Court of Military Appeals as a result of an order granting appellant's motion to attach additional documents in connection with his petition to that Court. The documents in question, in that Court's opinion, raise for the first time an issue of fact requiring resolution by this Court.

On 12 February 1982, appellant, in consonance with his plea, was found guilty at a special court-martial bench trial of a violation of Article 90, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 890; namely, willfully disobeying an order of a superior commissioned officer to enter the reactor compartment aboard the USS NATHANEAL GREENE (SSBN–636) and perform routine maintenance. He was sentenced to confinement at hard labor for 3 months, forfeiture of $366.00 pay per month for 3 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence on 3 May 1982, but suspended execution of portions thereof including the bad-conduct discharge for a period of 6 months from the date of trial, with provisions for automatic remission. On 16 June 1982, the supervisory authority approved the sentence, as ap-

proved and partially suspended by the convening authority.

When the case was first reviewed by this Court, appellant's single assignment of error contended that the non-verbatim record of trial precluded approval of the bad-conduct discharge. Finding no indication that the bad-conduct discharge had not been remitted in accordance with the terms of probation established by the convening authority, the Court concluded that the issue was moot and affirmed a sentence that did not include a bad-conduct discharge. *United States v. Talty*, No. 82 3268 (NMCMR 21 October 1982). Appellant's motion for reconsideration by the Court was denied on 26 January 1983.

In his subsequent petition to the Court of Military Appeals for a grant of review and in his brief to this Court in the instant proceedings, appellant has assigned two errors. Although neither of the assignments has merit, we will discuss them briefly.

■ The first assignment contends that appellant's guilty plea to the order violation was improvident because his colloquy with the military judge raised the defense of duress. Appellant urges that the duress resulted from his genuine apprehension that entry into the reactor compartment would expose him to hazardous levels of radiation and thereby cause irreparable genetic damage. Our examination of the record demonstrates that the military judge recognized the issue and that he conducted sufficient inquiry to resolve it. Appellant's contention that duress, amounting to a legal defense, can inhere in a lawful order requiring performance of military duty "in harm's way" simply strains credulity. Regardless of the sincerity of his beliefs, the premise upon which he rests this defense has no basis in military law. Accordingly, we find the plea provident and reject this assignment.

■ The second assignment of error challenges the *in personam* jurisdiction of the trial court.[1] In support of his assignment, appellant has submitted certified copies of a Standard Transfer Order and a History of Assignments page from his service record book. These documents conclusively demonstrate that appellant was transferred to another command prior to the time that the convening authority, the Commanding Officer, USS NATHANEAL GREENE, convened the instant special court-martial. Appellant argues, therefore, that the Commanding Officer was not empowered to act as convening authority in his case.

Based on our consideration of the entire record, including the attached documents, we find the following undisputed facts to be pertinent to the resolution of this issue:

(1) that appellant's offenses occurred aboard the USS NATHANEAL GREENE on 16 January 1982;

(2) that he was transferred from the GREENE to COMMANDER, SUBRON FOURTEEN, pursuant to temporary duty (TEMDU) orders pending disciplinary action on 22 January 1982;

(3) that, on 22 January 1982, the Commanding Officer, USS NATHANEAL GREENE, also forwarded to the Chief of Naval Personnel a recommendation that appellant's nuclear power Navy Enlisted Classification (NEC) be removed based on demonstrated unreliability;

(4) that, on 29 January 1982, the Commanding Officer of the GREENE referred charges against appellant to a special court-martial convened the same date;

(5) that, on 2 February 1982, the Commanding Officer of the GREENE forwarded to COMSUBRON FOURTEEN a recommendation that appellant be disqualified from further submarine duty based on demonstrated unreliability;

(6) that, on 11 February 1982, appellant negotiated a pretrial agreement with the Commanding Officer of the GREENE, which remained in force throughout the trial and which was given effect in the convening authority's action;

---

1. This issue was originally raised in the trial defense counsel's response to the staff judge advocate's review and was summarily rejected by the Court in its initial review of the case.

(7) that, on 11 and 12 February 1982, appellant was tried, convicted, and sentenced by the above-described special court-martial; and

(8) that, on 17 February 1982, appellant was transferred from COMSUBRON FOURTEEN, Holy Loch, Scotland, to COMNAVSUBASE, New London, Groton, Connecticut, to serve his sentence to confinement.

From these facts, we conclude, both as a matter of fact and law, that the Commanding Officer of the USS NATHANEAL GREENE was empowered to exercise personal jurisdiction over appellant in this case. We reach this result without the aid of any judicial precedent directly on point. Rather, we hinge our decision on a reasoned interpretation of the UCMJ and a measure of common sense.

Initially, we note the practical, if not compelling, considerations that dictated appellant's removal from the close confines of the submarine. He was pending disciplinary action for alleged offenses that strike at the very heart of good order and discipline. Moreover, the command was awaiting action by the Chief of Naval Personnel on its recommendation that appellant's nuclear power NEC be withdrawn. Thus, the Commanding Officer removed appellant by expeditious transfer to TEMDU at the port-based SUBRON FOURTEEN. Neither logic nor law, however, compels the conclusion that the Commanding Officer intended to, or in fact did, sever the command's connection with the disciplinary proceedings against appellant. The alleged offenses occurred on the submarine. The evidence and witnesses were aboard her. Clearly, the USS NATHANEAL GREENE

retained a legitimate and overriding interest in the outcome of this case.

Appellant urges that the administrative machinations employed by his command to change his physical location pending disposition of the charges divested the submarine commander of jurisdiction to try him. He attaches particular significance to the fact that the transfer was denominated as TEMDU, thus contemplating eventual assignment to a new permanent duty station, as opposed to temporary additional duty (TEMADD), under which an individual remains assigned to his original duty station.[2]

We are unpersuaded by these contentions. It is clear that the Commanding Officer, USS NATHANEAL GREENE, was empowered to convene the court, Article 23, UCMJ, 10 U.S.C. § 823, and that appellant was amenable to trial by court-martial. Article 2, UCMJ, 10 U.S.C. § 802. Moreover, we are aware of neither statutory nor decisional law that expressly limits the jurisdiction of courts-martial to personnel under the command of the convening authority; and we do not believe this to be the law. *See* Article 17(a), UCMJ, 10 U.S.C. § 817(a). It is true that the *Manual for Courts-Martial, 1969 (Rev.)* (MCM), contemplates that charges ordinarily will be processed within an accused's chain of command. *See* paragraph 33, MCM. We are convinced, however, that a failure to follow this procedure, particularly under the circumstances of this case, does not constitute a jurisdictional defect. To hold otherwise would elevate form over substance to a patently absurd degree. We have refused to do this in analogous situations. *See United States v. Lahman,* 12 M.J. 513 (N.M.C.M.R.1981); *United States*

**2.** Paragraph 1810100.1(b), Naval Military Personnel Manual (NMP Manual), defines temporary duty orders as:

... orders which involve *detachment from* one station and *assignment to another* station for temporary duty *pending further assignment* to a new permanent duty station *or return* to the old permanent duty station. Members on temporary duty *are not attached to any permanent duty station* (emphasis added);

whereas, paragraph 1810100.3, NMP Manual, defines temporary additional duty orders as:

... orders which assign a member to temporary duty in addition to his/her present duties, and which direct him/her upon completion of this temporary additional duty to *resume regular* or temporary *duty* ... Personnel on temporary additional duty *remain attached to the station from which they initially proceeded....* (emphasis added).

*v. Lillie,* 4 M.J. 907 (N.C.M.R.1978).[3] We decline to do so in this case.

Accordingly we reject the assignment and again affirm the findings and sentence, as approved on review below.

Senior Judge GORMLEY and Judge KERCHEVAL concur.

**3.** In *Lahman,* the accused was performing temporary additional duty at the command which convened his general court-martial. On appeal, he contended that the command to which he was permanently assigned was the proper convening authority. The Court held that the question regarding who is the proper convening authority is a question of venue, not jurisdiction, and thus waived by a guilty plea. In *Lillie,* the accused had executed permanent change of station orders to another duty station prior to the date on which his original command convened an Article 32, UCMJ, investigation. In rejecting the jurisdictional challenge on appeal, the Court observed that "[t]he exceptions to that general grant of jurisdiction to try persons subject to the Uniform Code of Military Justice, detailed in Articles 20 and 17, UCMJ, do not serve to limit jurisdiction over an enlisted man of the same armed force. [The Commander] at the time he convened the Article 32 investigation, although not the commander who would ordinarily exercise summary court-martial jurisdiction over the appellant, was not restricted in his power to convene a summary court-martial which would have jurisdiction over appellant." *Id.* at 909. If, as in *Lillie,* a commander can retain court-martial jurisdiction over a military accused at a new permanent duty station hundreds of miles away, surely the Commanding Officer of the USS NATHANEAL GREENE, whose berthing space was only a few hundred feet distant from appellant's temporary duty station, was a "proper" convening authority under Article 23, UCMJ, and paragraph 8, MCM.