**UNITED STATES, Appellee,**

v.

**Private E–1 David G. KLOESE, 339–56–9695, United States Army, Appellant.**

**SPCM 20404.**

U.S. Army Court of Military Review.

26 June 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC (on brief).

Before FELDER, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

CARMICHAEL, Judge:

Before addressing the assignments of error in this case, we will provide a brief account of its appellate history.

Pursuant to his pleas, appellant was convicted by a military judge sitting as a special court-martial of aggravated assault and larceny. He was sentenced to a bad-conduct discharge, forfeiture of $382.00 pay per month for three months, and confinement for three months. The convening authority, Major General Anderson, approved the sentence.

On 31 August 1984, despite evidence of unlawful command influence within the 3d Armored Division, this Court found that appellant had suffered no prejudice as to findings or sentence because of such unlawful influence. It also found no merit to appellant's assertion that his sentence was excessive. Thus, the findings of guilty and the sentence were affirmed. *United States v. Kloese,* SPCM 20404 (A.C.M.R. 31 Aug. 1984) (unpub.).

On 26 December 1984, appellant's motion for reconsideration was granted and the case again was before this Court. After additional cases and exhibits discussed in appellant's brief were considered within the context of the assigned errors, it was found that appellant suffered no prejudice before, during, or after the court-martial. Accordingly, the Court reaffirmed its decision of 31 August 1984 in this case. *United States v. Kloese,* SPCM 20404 (A.C.M.R. 26 Dec. 1984) (unpub.).

On 22 September 1986, the United States Court of Military Appeals set aside the decision in *Kloese* and remanded the case for our determination whether remedial action in the form of a new action by a different convening authority was needed in light of *United States v. Thomas,* 22 M.J. 388 (C.M.A.1986). *United States v. Kloese,* 23 M.J. 151 (C.M.A.1986) (summary disposition).

On 22 October 1986, we determined that a new review and action were required in appellant's case and, after setting aside the action of Major General Anderson, dated 15 February 1984, we returned the trial record to The Judge Advocate General for designation of a different convening authority and preparation of a new review and action. *United States v. Kloese,* SPCM 20404 (A.C.M.R. 22 Oct. 1986) (unpub. order). A new review was completed on 17 December 1986, and a different general court-martial convening authority, Lieutenant General Saint, Commander, Fort Hood,

approved the sentence on 12 February 1987.

▪ Appellant's case once again is before the Court for further review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. sec. 866 (1982) [hereinafter UCMJ]. Appellant now asserts that The Judge Advocate General lacked the authority to direct post-trial action by a convening authority who did not have a "command relationship" over appellant. We find this assertion to be without merit. Our reading of Article 60(c), UCMJ, 10 U.S.C. § 860(c) as well as the pertinent legislative history, persuades us that military law does not require appellant to be assigned or attached to the command of the convening authority who acts on appellant's case after the trial.

Article 60(c)(1), pertaining to action by the convening authority, states in pertinent part:

> The authority under this section to modify the findings and sentence of a court-martial is a matter of command prerogative involving the sole discretion of the convening authority. Under regulations of the Secretary concerned, ... any person exercising general court-martial jurisdiction may act under this section in place of the convening authority.

The regulatory implementation by the Secretary of the Army of this subsection of the article is found in Army Regulation 27–10, Legal Services: Military Justice, para. 13–8b (1 July 1984). It provides that, when a case is remanded to The Judge Advocate General (TJAG) by this Court, the Clerk of Court will act for TJAG under the order of remand and refer the record of the case to "... *a convening authority* with necessary instructions for compliance with the mandate" (emphasis added). Thus, contrary to appellant's assertion, we conclude that the breadth of the statutory language, as implemented by Army Regulation, permits a convening authority to review and act on an accused's conviction although, at the time, the accused is not assigned or attached to the convening authority's command. We hold, then, that The Judge Advocate General has the power, when a new action is required, to designate a convening authority to act on the case other than the one commanding the organization, activity, or installation to which the accused is assigned or attached.[1]

Here appellant was assigned to the United States Army Correctional Activity at the time the new action was taken by the Commander, Fort Hood, the general court-martial convening authority designated by The Judge Advocate General to act in appellant's case. Since, under these circumstances, we have found the designation proper and the absence of a "command relationship" of no legal significance, the new post-trial action, once completed by the designated convening authority, was legally efficacious. *Cf. United States v. Talty,* 17 M.J. 1127, 1130 (N.M.C.M.R.) ("[W]e are aware of neither statutory nor decisional law that expressly limits the jurisdiction of courts-martial to personnel under the command of the convening authority ..."), *petition denied,* 19 M.J. 237 (C.M.A.1984); *United States v. Lillie,* 4 M.J. 907, 909 (N.C.M.R.1978) (a commander statutorily empowered to convene a summary court-martial is not precluded from convening it to try a service member not "of his command," provided the member is subject to the UCMJ and in the same armed force as the commander) (dictum); *United States v. Wyatt,* 15 B.R. 217, 255 (A.B.R.1943) ("The

---

1. Implicit in our holding is the belief that The Judge Advocate General has the inherent power to designate a convening authority other than one exercising court-martial jurisdiction over the accused to effect this Court's mandate. Furthermore, TJAG's power in this respect has a statutory basis in Article 6(a), 10 U.S.C. sec. 806(a) (1982), which requires that the Army-wide administration of military justice be personally supervised by TJAG. Also, Army Regulation 10–5, Organization and Functions: Department of the Army, para. 2–36a (4) (1 December 1980), states that one of TJAG's responsibilities is "[a]dministering the Army system of military justice." In this case, TJAG discharged that responsibility by designating a different convening authority to conduct a new review and action, thus assuring appellant was afforded procedural due process under military law.

jurisdiction ... of a court-martial to try offenders, once it is convened, is not limited in the exercise to persons under the command of the convening authority."). In our opinion, the completion of a new review and action has provided appellant the required additional remedial action, and finalization of these proceedings may now be possible. Article 76, UCMJ, 10 U.S.C. sec. 876 (1982); Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1209.

■ Based on our review of the entire record, to include all defense appellate exhibits, we find that the presence of unlawful command influence in the 3d Armored Division did not prejudice appellant "at any stage of the judicial process." *United States v. Dawson*, SPCM 19569 (A.C.M.R. 10 Apr. 1987) (unpub.). Furthermore, we find no merit in appellant's assertion that his sentence was inappropriate.

The findings of guilty and sentence are affirmed.

Senior Judge FELDER and Judge ROBBLEE concur.