UNITED STATES

v.

**Senior Airman Ferenc T. BATHORY, FR 317–72–1164, United States Air Force.**

**ACM 26486.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 Sept. 1987.

Decided 15 March 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

**DECISION**

HOLTE, Judge:

The issue before this court is whether the general court-martial lacked jurisdiction to try the appellant because the officer exercising summary court-martial jurisdiction failed to complete section IV of DD Form 458, in that he did not record the hour and date that the charges were received by him.

R.C.M. 403(a), which we note is not statutory, provides that the officer exercising summary court-martial jurisdiction over an accused shall cause the hour and date of receipt to be entered on the charge sheet immediately upon receipt of sworn charges. In the discussion of this rule it states that the entry indicating receipt is important because it stops the running of the statute of limitations.[1] In our opinion this is the only practical purpose served by the completion of Section IV of DD Form 458.

In this case the officer exercising summary court-martial jurisdiction over the appellant complied with R.C.M. 403(b)(5) in that he appointed a pretrial investigation officer pursuant to R.C.M. 405 and forwarded the report of investigation with the charges to the officer exercising general court-martial jurisdiction over the appellant. The only function he did not perform was entering the date and hour that the charges were received by him. This administrative irregularity did not deprive the appellant of any due process to which he was entitled, nor did it deny the general court-martial that tried him of jurisdiction

---

1. Statute of limitations was not an issue in the case.

to do so. We disagree with the argument that such irregularity raises a jurisdictional issue. *See generally United States v. Fields,* 17 M.J. 1070 (A.F.C.M.R.1984), *pet. denied* 19 M.J. 56 (1984) and *United States v. Laham,* 12 M.J. 513 (N.M.C.M.R.1981). The assigned error is decided against the appellant. Accordingly, the approved findings and sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY concur.